STATE EX REL. LORD *v.* SULLIVAN, JUDGE ET AL.

[No. 27,081.   Filed June 7, 1938.]

*George Panea,* and *Harold C. Hector,* for appellant.

*Michael Havran,* for appellee.

TREMAIN, J.—The relator and one Benson were opposing Democratic candidates for the office of Justice of the Peace of North Township in Lake County, Indiana, at the 1938 May primary election. The Primary Election Board declared Benson nominated. Within the time allowed by statute, the relator in this action, as contestor

in that action, filed a verified petition in the Lake Circuit Court to contest the nomination and for a recount of the ballots, accompanied by his bond as follows:

"The undersigned jointly and severally undertake to pay to the contestee, and to all persons and officers entitled to any fees prescribed by law, all the costs of the recount petitioned for in the above entitled action.

(Signed)  Rudolph Loula,

(Signed)  Joseph Z. Warshow."

Affidavits as to the financial worth of the sureties were filed with the bond. This bond was filed with and approved by the clerk of that court.

Summons was issued to the contestee and he appeared and filed a motion in which he asked the court not to appoint recount commissioners, for the reason that the cost bond was not filed with "free-hold or corporate surety to the approval of the Clerk, conditioned that HE will pay all the costs of such recount, as provided by law." The court sustained the motion and refused to appoint the recount commissioners.

Thereupon, relator filed this action in which he prayed for an alternative writ of mandate to require the respondents to appoint recount commissioners, or show cause why the appointment should not be made. The respondents filed a return admitting the allegations of the petition, but alleging that the appointment of the recount commissioners was denied them for the reason that:

"The purported written undertaking filed by the relator herein with his said petition for recount and contest was not filed or executed by the relator as contestor and/or principal therein, and the question premised on contestee's motion to deny was whether or not such purported written undertaking was sufficient as provided by law; that the respondent herein, as Judge of said court, . . . held such purported written undertaking to be insufficient and not in conformity with the law."

The action to contest the election and for a recount was filed under Section 29-2304 Burns' Ind. St. 1933, as amended by Section 4, Chapter 82, of the Acts of ██ 1935, Section 29-2304 Pocket Supplement, §7431 Baldwin's 1935 Supp. It appears that the petition for the recount was filed within the time and in strict conformity to the statute. The purpose of the statute is to afford a method of recounting the number of ballots cast for contestor and contestee. It is not a judicial proceeding nor a final adjudication as to the nominee for that office. It is a special statutory proceeding. The bond having been approved by the clerk, the circuit court, if in session, or the judge thereof in vacation, has no discretion other than to appoint the recount commissioners. In making such appointment, the court, or the judge in vacation, is merely performing a ministerial duty. It has been held by this court that the recount statute involves the exercise of ministerial functions and not judicial ones. *Williams* v. *Bell* (1915), 184 Ind. 156, 110 N. E. 753.

The statute provides that the contestor shall file with his petition a written undertaking payable to the conestee, with freehold or corporate surety to the ██ approval of the clerk, conditioned that he will pay all the cost of the recount. The statute does not require the contestor to sign the bond in order to make it sufficient. If the question of the sufficiency of the bond were before the court, it would appear at once that the bond is sufficient in form without the signature of the contestor affixed thereto. The contestor is as much bound to pay the costs of his own action as if he had signed the bond. Section 3-2512 Burns' Ind. St. 1933, §1142 Baldwin's 1934.

Therefore, it is ordered by the court that the alternative writ heretofore issued be, and the same is, hereby

made permanent, and, as the respondent shows recount commissioners have been appointed subject to the ruling of this court herein, it is ordered that such recount commissioners proceed at once with the recount, as prayed in contestor's petition.