Department of Revenue, State of Indiana *v.* Mumma Brothers Drilling Company, a Partnership, and Mumma Drilling, Inc., an Indiana Corporation.

[No. 1-1276A252. Filed July 5, 1977.]

*Theodore L. Sendak,* Attorney General, *David T. O'Malia,* Deputy Attorney General, for appellant.

*Richard C. Rusk,* of Washington, for appellees.

## STATEMENT OF THE CASE

Lowdermilk, J.—Defendant-appellant Department of Revenue, State of Indiana (State) appeals from the trial court's granting of plaintiff-appellee Mumma Drilling Corporation's (Mumma) motion for summary judgment.

## FACTS

Mumma is a corporation which drills wells and installs pumps and plumbing for individuals and businesses in order

to provide water for livestock and human consumption. Mumma also repairs and replaces equipment which is used to extract water from the ground.

In February 1970 the Indiana Department of Revenue audited Mumma and assessed the corporation for certain unpaid sales taxes together with penalties and interest in the amount of $4,617.87. In April 1971 another audit was held and Mumma was assessed an additional $1,195.12. After Mumma's protests were denied by the State pursuant to certain hearings, the corporation paid the assessment.

In October 1972 Mumma petitioned for a refund of the $4,617.87 payment, the $1,195.12 payment, and a $905.92 sales tax payment which Mumma had made in 1966. After its petitions were denied, Mumma appealed to the chief hearing officer, who, in February 1974, also denied Mumma's requests for a refund.

In May 1974 Mumma filed suit for a refund in the Daviess Circuit Court. Subsequent to Mumma's motion for summary judgment a hearing was held. At that hearing the State moved for summary judgment as to the claim for $905.92, arguing that Mumma was precluded from asserting its claim for refund by IC 1971, 6-2-1-19 (Burns Code Ed.) which provides that such claims for refund must be made within three years of payment.

After hearing the evidence and examining the affidavits and exhibits the court entered judgment as follows:

> "That there is a genuine issue of material facts as to the Defendant's Motion for Summary Judgment and said motion is denied.
> That there is no genuine issue of material fact as to the plaintiff's Motion ofr [sic] Summary Judgment and the Plaintiff is entitled to a judgment as a matter of law. Plaintiff's Motion for Summary Judgment is granted.
> That the plaintiff shall recover from the Defendant the sum of $6,718.91 and interest in the sum of $1,350.50 and the costs of this action."

## ISSUES

There are five issues which have been presented to this court for review. In view of the fact that this court has found reversible error in two of those points, this court is not required to discuss any of the other alleged errors in this appeal.

The issues which are herein decided are as follows:

1. Whether the trial court erred in failing to grant defendant's motion for summary judgment in that the court lacked subject matter jurisdiction to entertain the suit for refund of the payment described therein.

2. Whether the trial court committed error in determining that the plaintiffs proved as a matter of law that they were entitled to the exemption.

## ISSUE ONE

We hold that the trial court erred when it denied the State's motion for summary judgment and granted Mumma's motion for summary judgment, as to the $905.92 sales tax payment. IC 1971, 6-2-1-19(a) (Burns Code Ed.)[1] provides:

". . . If any person considers that he has paid to the department for any year an amount which is in excess of the amount legally due from him for that year under the terms of this act [6-2-1-1—6-2-1-53], *he may apply to the department, by petition in writing, at any time within three [3] years after the payment for the annual period for which such alleged overpayment has been made,* for a correction of the amount so paid by him to the department, and for a refund of the amount which he claims has been illegally collected and paid. In such petition, he shall set forth the amount which he claims should be refunded, and the reasons for such claim. The department shall promptly consider such petition, and may grant such refund in whole or in part, or may wholly deny the same. If denied in whole or in part, the petitioner shall be forthwith notified of such action of the department, and of its grounds for such denial. The department may in its discretion, grant

1. This statute is made applicable to the Gross Retail (sales) Tax under the provisions of IC 1971, 6-2-1-37 (Burns Code Ed.)

the petitioner a further hearing with respect to such petition. Any person improperly charged with any tax provided for under the terms of this act, and required to pay the same, may recover any amount thus improperly collected, together with interest, in a civil action or suit against the department in the circuit or superior court of the county of his residence or business location and if he has no such residence or business location, then in the Marion circuit or superior court. *The state hereby consents to such suits in said courts and no others* and said courts are hereby granted exclusive jurisdiction of said suits: Provided, however, That except as hereinafter provided, no court shall have jurisdiction over any such suit unless the taxpayer shall show that the complaint therein was filed within three [3] months after he shall have received notification of the action of the department denying said petition for refund in whole or in part. In the event that the department shall take no action upon such petition for refund within six [6] months after the same shall have been filed, the taxpayer may elect to institute such suit for refund at any time thereafter, but not more than three [3] months after such claim shall have been denied in whole or in part, in no event more than three [3] years from the date of the filing of the claim for refund. . . ." (Our emphasis)

IC 1971, 6-2-1-19, *supra,* was construed by the court in *Marhoefer Packing Co., Inc.* v. *Indiana Department of State Revenue* (1973), 157 Ind. App. 505, 301 N.E.2d 209 at pages 216, 218-219 as follows:

"Although both the Department and Marhoefer have referred to the time limitation provision of the statute [6-2-1-19] as a statute of limitations, the provision in fact creates a condition precedent to the statutory right of refund. The legislature may make the very existence of the right of recovery dependent upon the petition for refund being made within three years from the date the taxes are paid. A statute of limitations does not create or extinguish a right. It only places limitations upon a remedy which may be tolled or waived. The limitation in the instant case, however, is a condition essential to the existence of the right and cannot be tolled or waived.

\* \* \*

We hold that the three year time provision of § 2614a (a) [6-2-1-19] is a *condition precedent* to the right to a tax refund whether brought as a petition with the Department or as a civil suit in court.

A statute must be interpreted if possible to give efficient operation to *all sections* [Orig. emphasis] of the statute, Dunkle v. State (1961), 241 Ind. 548, 173 N.E.2d 657. Therefore giving effect to all sections of 2614a [6-2-1-19] . . . we conclude the following: to dispute imposition of Indiana gross income tax, the taxpayer must first pay the tax. If the taxpayer wishes to further dispute any tax so paid or if a taxpayer wishes to dispute any tax voluntarily paid prior to realization or discovery of grounds for contest, *he must petition the Department for a refund within three years of the disputed payment;* if the Department denies the petition, the taxpayer may seek a judicial remedy by filing a complaint within three months of receiving notice of the denial or if the Department takes no action on the petition, then the taxpayer must file his complaint in court anytime after six months of the date of filing his petition for refund with the Department but not more than three years after the date of said filing." (Our inserts) (Our emphasis)

In the case at bar Mumma voluntarily paid $905.92 in sales tax in 1966 when it purchased certain drilling equipment. In light of *Marhoefer, supra,* it is not necessary for us to decide whether the original transaction, wherein Mumma purchased its drilling equipment, was within the exemptive provisions found in IC 1971, 6-2-1-39 (Burns Code Ed.), because Mumma did not comply with the refund procedures set forth in IC 1971, 6-2-1-19, *supra.* Mumma paid the $905.92 in 1966, but did not petition for a refund until 1972. The petition for refund, which is a condition precedent for the bringing of a suit for a refund in the trial court, was not timely filed. Therefore, the right to a refund was lost.

In *Marhoefer, supra,* at page 219 the court stated:

"Bryant v. Lake County Trust Co. (1972), 152 Ind. App. 628, 284 N.E.2d 537 and Cooper v. County Board of Review of Grant County (1971), 150 Ind. App. 232, 276 N.E.2d 533 clearly hold that *jurisdictional defects such as here considered constitute a lack of jurisdiction of the subject matter* and are thus subject to a Motion to Dismiss pursuant to Rule TR. 12(B) (1). The subject matter contemplated by § 2614a (a) [6-2-1-19] giving resort to the civil judicial process is a claim for tax refund which meets the statutory prerequisites hereinbefore discussed. If those prerequisites have not been

met, a particular refund claim does not fall within the class of cases created by the statute and over which the civil courts have jurisdiction." (Our insert) (Our emphasis)

In the case at bar the State in its motion for summary judgment pointed out to the court that, according to IC 1971, 6-2-1-19, *supra,* and *Marhoefer, supra,* the court did not have subject matter jurisdiction as to the $905.92 which Mumma had voluntarily paid in 1966. The court should have treated the State's motion for summary judgment as a motion to dismiss under Ind. Rules of Procedure, Trial Rule 12(B)(1), and *it should have dismissed the action as to the $905.92.* The trial court, therefore, committed error by not dismissing the action as to the $905.92.

ISSUE TWO

The State contends that the trial court committed reversible error when it granted Mumma's motion for summary judgment, because there existed genuine issues of material facts.[2] We agree.

Before Mumma could have been entitled to an exemption under IC 1971, 6-2-1-39, *supra,* it had to show that in each transaction its business activities were within the language of either IC 1971, 6-2-1-39(b)(1) (Burns Code Ed.), or IC 1971, 6-2-1-39(b)(6) (Burns Code Ed.), which are as follows:

"(b)    Nor shall the state gross retail tax apply to any of the following transactions:

(1)    Sales to farmers and other persons ocupationally engaged in the business of producing food and commodities for human, animal or poultry consumption either for sale or for further use in producing such food and commodities for sale, of animal and poultry life to be directly used by the purchaser in the direct production of food and commodities, feed for such animals and poultry, and seeds, plants, fertilizers, fungicides, insecticides and other tangible personal property to be directly used in the direct production of food and commodities.     *     *     *

---

2.    See Ind. Rules of Procedure, Trial Rule 56.

(6) Sales of manufacturing machinery, tools and equipment to be directly used by the purchaser in the direct production, manufacture, fabrication, assembly, extraction, mining, processing, refining or finishing of tangible personal property; . . . sales of agricultural machinery, tools and equipment to be directly used by the purchaser in the direct production, extraction, harvesting or processing of agricultural commodities; and sales of tangible personal property to be directly used by the purchaser in the direct production or manufacture of any such manufacturing or agricultural machinery, tools and equipment."

Mumma's drilling and pump installation operation clearly does not come within the provisions of IC 1971, 6-2-1-39 (b) (1) because Mumma did not sell livestock and poultry life, feed, seeds, plants, fertilizers, fungicides, insecticides, or other tangible personal property to be *directly* used in the *direct* production of food. The pump equipment which Mumma sold was essential for the production of agricultural commodities, but it was not *directly* used for such purposes.

In *Indiana Department of State Revenue* v. *RCA Corporation* (1974), 160 Ind. App. 55, 310 N.E.2d 96 this court held that, where the purchase of items to be directly used in the direct production of color picture tubes was a tax exempt transaction, the purchase of an environmental control system, which was essential to the production of color picture tubes but was not directly used in the direct production of color picture tubes, was not a tax exempt transaction.

Also in *Indiana Department of State Revenue* v. *RCA Corporation, supra,* the court on page 100 defined "directly" as follows:

"Black's Law Dictionary (4th Ed., 1951) also states: 'Directly. In a direct way *without anything intervening;* not by secondary, but by direct, means.' " (Our emphasis) (Citations omitted)

In the case at bar the pump equipment was *essential* in the operation of the farm, but it was not *directly* used in the *direct* production of food. The pump was used in the direct production of water which in turn was used in the direct

production of food. The use of the pump was indirect in the production of food. Therefore, Mumma does not qualify for an exemption under IC 1971, 6-2-1-39(b)(1), *supra*.

However, Mumma probably qualifies for a sales tax exemption under IC 1971, 6-2-1-39(b)(6), *supra*. Mumma sells "equipment to be directly used by the purchaser in the direct . . . extraction . . . of tangible personal property. . . ."

As to the pump and other extraction equipment Mumma would be a retail merchant when it sold such equipment to the purchaser, who would in turn use that equipment to extract water, a form of tangible personal property. As with any other retail sale, the sale of extraction equipment would be subject to a retail sales tax, except for the presence of the exemptive language in IC 1971, 6-2-1-39(b)(6), *supra*.

Although it is clear that certain of Mumma's business transactions were within the exemptive language in IC 1971, 6-2-1-39(b)(6), *supra,* the evidence is not clear as to the number of exempt transactions nor as to the amount of money involved in those transactions. We therefore find that a genuine issue of material fact exists. The trier of fact must determine the nature and amount of each business transaction and decide whether such transaction was exempt from the retail sales tax under IC 1971, 6-2-1-39(b)(6), *supra*. Since a genuine issue of material fact exists, we hold that the trial court committed reversible error by granting Mumma's motion for summary judgment.[3]

Judgment reversed and cause remanded to the trial court with instructions that the court proceed in a manner not inconsistent with this opinion.

Robertson, C.J. and Garrard, J., by designation, concur.

NOTE.—Reported at 364 N.E.2d 167.

---

3. See Trial Rule 56 and *Dallas Co.* v. *Tobias Studio, Inc.* (1974), 162 Ind. App. 213, 318 N.E.2d 568.