Kenneth WALTON, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 180S9.

Supreme Court of Indiana.

Jan. 11, 1980.

Rehearing Denied April 25, 1980.

Kenneth T. Roberts, Wilson, Coleman & Roberts, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Robert J. Black, Deputy Atty. Gen., Indianapolis, for appellee.

ON PETITION FOR TRANSFER

PRENTICE, Justice.

This case is before us upon the petition of the State of Indiana (Plaintiff-Appellee) to transfer the cause from the Court of Appeals, Fourth District, that Court having, by an unpublished opinion filed August 14, 1979, reversed the judgment of the trial court entered upon the jury verdict of guilty, as to the charge of armed felony, Ind.Code 35–12–1–1. Said opinion erroneously decided a new question of law, i. e. whether or not the aforementioned statute encompasses the possession of narcotic drugs, as the requisite underlying felony. Accordingly, that decision and the opinion are hereby vacated, and the State's petition to transfer is hereby granted.

Defendant was convicted upon three counts, to-wit:

(1) Possession of heroin, Ind.Code 1971 35–24.1–4.1–6 (since repealed).

(2) Assault with intent to kill, Ind.Code 35–13–2–1, and

(3) Commission of a felony, to-wit: possession of (heroin), a controlled substance, while armed, Ind.Code 35–12–1–1.

His appeal to the Court of Appeals assigned two issues:

(1) Was the verdict upon the assault with intent to kill count sustained by the evidence?

(2) Did the trial court err in overruling the defendant's motion to suppress physical evidence obtained in a search under a warrant challenged by the defendant as defective?

(3) A third issue, with respect to which transfer is granted, arose by the sua sponte action of the Court of Appeals, holding that the possession of heroin, which was a felony under Ind.Code 35–24.1–4.1–6 (now Ind. Code 35–48–4–6), could not serve as the underlying felony with respect to the crime of commission of a felony while armed, Ind.Code 35–12–1–1.

\*    \*    \*    \*    \*    \*

ISSUE I

The evidence, when viewed most favorably for the State, disclosed that on December 16, 1976, five police officers went to the defendant's apartment to execute a search warrant. They knocked upon the door and identified themselves as police officers. In response to an inquiry from within, they again identified themselves as police officers. Whereupon, they heard sounds of scuffling and running inside the apartment, and they kicked open the door. Two of the officers pursued the defendant and a woman occupant down a hallway and shouted for them to stop. They ran into the bedroom and slammed the door. One of the officers again identified himself as a police officer and began to force the door open. As he got the door partially open, the defendant fired a single shot from a gun through the doorway, narrowly missing the officer.

After some minutes, the defendant was persuaded to surrender by another officer present and with whom he was personally acquainted. A search of the premises produced the contraband heroin.

The defendant does not question the evidence with respect either to the firing of the shot or the possession of the heroin. Rather, he challenges the verdict as unsupported by evidence of the requisite felonious intent.

In justification of his firing the shot, the defendant testified that approximately one month earlier he had been robbed in his apartment and that he thought that he was being robbed again. Thus, it is his claim that he fired the shot, acting under a mistake of fact.

■ The defendant's contention that, inasmuch as his explanation for his actions was consistent with the State's evidence and was not contradicted, it was conclusive upon the issue of intent, is not supported in the law. When the guilt of the defendant can be found, beyond a reasonable doubt, from the evidence presented and the reasonable inferences to be drawn therefrom, a prima facie case has been made, and the trier of fact is not required to accept the

defendant's evidence as true. *Collins v. State,* (1977) 267 Ind. 233, 369 N.E.2d 422; *Sanders v. State,* (1972) 258 Ind. 11, 279 N.E.2d 194.

The jury rejected the defendant's explanation, and we are not at liberty to disturb their finding, which was adequately supported by credible probative evidence.

Upon a sufficiency review, we will examine only the evidence most favorable to the State and all reasonable inferences to be drawn therefrom, in order to determine if there existed sufficient evidence of probative value to support the jury's verdict. *Baum v. State,* (1976) 264 Ind. 421, 345 N.E.2d 831. We will neither reweigh the evidence nor judge the credibility of the witnesses. *Robinson v. State,* (1977) 266 Ind. 604, 365 N.E.2d 1218.

Defendant has also argued that the verdict upon this count was inconsistent with his acquittal on an additional count of "drawing a weapon." This argument appears to be misplaced in a sufficiency of the evidence consideration. Nevertheless, we have considered the argument, and we resolve it against his position, as was done in *Smith v. State,* (1979) Ind., 388 N.E.2d 484, 486. We there held, upon authority therein cited, that inconsistent verdicts do not require reversal and that each count in a multiple-count indictment is regarded as a separate indictment.

## ISSUE II

Defendant filed a motion to suppress certain physical evidence (heroin) obtained in a search of his apartment. The grounds for that motion were that the affidavit upon which it was issued was statutorially deficient and further that it failed to reflect probable cause for the search. A hearing was had upon the motion, and it was overruled. Defendant has assigned this ruling as error, but we do not reach that issue. Although he interposed an objection when the heroin itself was offered into evidence, he made no objection to the testimonial evidence of the officer who recovered the drug from his apartment or to the testimony of the forensic chemist who identified it as heroin. This evidence was not contradicted. Error in the admission of evidence is harmless when other evidence having the same probative ·value is admitted without objection and is not refuted. *Roberts v. State,* (1978) Ind., 375 N.E.2d 215; *Jenkins v. State,* (1975) 263 Ind. 589, 335 N.E.2d 215; *Boles v. State,* (1973) 259 Ind. 661, 291 N.E.2d 357.

## ISSUE III

The Court of Appeals held, sua sponte that the Legislature had not intended the crime of "possession of heroin" to "fall within the ambit of I.C. 35–12–1–1," and that it was contrary to law to convict the defendant upon that charge. We disagree.

Prior to the 1969 amendment of the armed felony statute, the underlying crimes were enumerated and limited to rape, robbery, bank robbery, petit larceny and grand larceny. The 1969 amendment substituted the words "any felony" for the previous enumeration. It then provided:

"35–12–1–1 [10–4709]. *Commission of or attempt to commit crime while armed with deadly weapon.*—Any person who being over sixteen [16] years of age, commits or attempts to commit any felony while armed with any dangerous or deadly weapon, or while any other person is present and aiding or assisting in committing or attempting to commit such felony is armed with any dangerous or deadly weapon, shall be guilty of a separate felony * * *."

This change clearly reflects a legislative intent to broaden the category of underlying felonies.

The wisdom or desirability of a statute is not a matter for the judiciary to determine, *Sidle v. Majors,* (1976) 264 Ind. 206, 341 N.E.2d 763; *State v. Levitt,* (1965) 246 Ind. 275, 203 N.E.2d 821; rather it is the province of the Legislature to define crimes and set penalties, *Ledcke v. State,* (1973) 260 Ind. 382, 296 N.E.2d 412; *Utley v. State,* (1972) 258 Ind. 443, 281 N.E.2d 888. Their determination of public policy will be

afforded wide discretion. *State v. Levitt, supra.* The object of statutory construction is to determine and effect the intent of the Legislature; and, in interpreting statutes, we are required to prevent absurdity and hardship and to favor the public convenience. *Loza v. State,* (1975) 263 Ind. 124, 325 N.E.2d 173.

 We reject the Court of Appeals' distinction between crimes involving active conduct, as opposed to passive conduct; and we do not agree with their underlying premise that "possession of heroin is a passive crime which, in and of itself, involves no likelihood for the infliction of personal injury upon another even though the defendant be armed while in the possession of the heroin." (Emphasis deleted.) As was aptly stated by the Court of Appeals of Michigan, "The mere fact that a felon has a firearm at his disposal, should he need it, creates a sufficient enough risk to others that it is within the state's power to punish its possession." *People v. Elowe,* (1978) 85 Mich.App. 744, 272 N.W.2d 596, 598. *Accord: Kruckeberg v. State,* (1978) Ind., 377 N.E.2d 1351, 1354. The potential for harm was aptly demonstrated in the case at hand, wherein the defendant, upon being approached by several police officers—fired shots aimed at the officers in his futile attempt to escape.

In the *Kruckeberg* appeal, the appellant had been convicted of, among other things, commission of a felony (possession of cocaine) while armed. Appellant urged us to hold that the statute was not applicable, unless the weapon was used in the perpetration of the felony, but we rejected that view. Obviously, the potential for harm was present throughout the commission of the crime. We pointed out that the weapon was available for appellant's use at any time and held that it was immaterial that the victim had not been aware of such.

It may be argued, with conviction, that the statute could have no application where there was no logical nexus between the weapon and the felony committed. But we are not required, in this case, to pass upon that question. It is reasonable to assume that one who arms himself prior to undertaking criminal activity is likely to use the weapon, if it enhances his chances, either to achieve his criminal goal or to avert detection or apprehension. The possession of a deadly weapon while in possession of contraband substances increases the potential for bodily harm to others. The nexus is plain and logical. Accordingly, we hold that "any felony" as used in Ind.Code 35–12–1–1 includes the felony of possession of a controlled substance.

Since the crime of possession of heroin was embodied in the crime of commission of a felony while armed, a conviction upon the latter would have been a bar to any subsequent prosecution for the former. Accordingly, the cause is remanded to the trial court with instructions to vacate the sentence upon the "possession" verdict. *See, Elmore v. State,* (1978) Ind., 382 N.E.2d 893; *Pinkston v. State,* (1978) Ind., 377 N.E.2d 1355.

In all other respects, the judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.