INDIANA DEPARTMENT OF STATE
REVENUE, Appellant
(Defendant Below),

v.

HARRISON STEEL CASTINGS CO.,
Appellee (Plaintiff Below).

No. 1–1179–A–317.

Court of Appeals of Indiana,
First District.

April 1, 1980.

Theo. L. Sendak, Atty. Gen., Joel Schiff, Deputy Atty. Gen., Indianapolis, for appellant.

Thomas H. Krise, Indianapolis, for appellee.

ROBERTSON, Presiding Judge.

The Indiana Department of State Revenue (Department) appeals an adverse decision in the trial court on the claim of Harrison Steel Casting Co. (Taxpayer) for a refund of taxes paid. The action concerned an audit conducted in 1977 for the tax years 1973, 1974 and 1975. The auditor found that the Taxpayer had erroneously excluded certain items in its sales and use tax and the Department made an assessment. The Taxpayer paid the assessment and filed a lawsuit for a refund. The trial court granted the refund in part and refused to assess a 10% penalty for failure to timely pay the taxes.

The Department presents two issues for our consideration. The first is whether the trial court properly found that safety equipment provided by the Taxpayer to its employees in its steel casting business qualifies for an exemption under *Ind.Code* 6–2–1–39(b)(6) as "sales of manufacturing machinery, tools and equipment to be directly used by the purchaser in the direct production, manufacture, fabrication, assembly, extraction, mining, processing, refining or finishing of tangible personal property . .." The second issue is whether the trial court properly disallowed the penalty tax.

An examination of the first issue begins with the well-settled principle that in construing an ambiguity in a taxation exemption statute, the statute must be strictly construed against the taxpayer. *Indiana Dept. of State Revenue, Sales Tax Div. v. RCA Corp.*, (1974) 166 Ind.App. 55, 310 N.E.2d 96; *Indiana Department of State Revenue, Gross Income Tax Div. v. American Dairy of Evansville, Inc.*, (1975) Ind.App., 338 N.E.2d 698.

In the *RCA* case, the court noted the double repetition of the word "direct" in the language of the statute, " '*directly* used' . . . in the '*direct* production.' " In that case, air conditioning or environmental control equipment integral to the manufacturing process of various electronic tubes was found not to be directly used since the medium of air intervenes. Such is the strict construction against the Taxpayer. There is also the authority of the *American Dairy* case where cleaning equipment such as sponges, scouring pads, towels, mops and wipes were not found to be exempted "[t]hough clearly essential to the cleaning process," in the dairy industry.

The regulation, Ind. Admin. Rules & Regs. (6–2–1–39)–15 (Burns Code Ed.), provides a useful explanation of "direct use," which is to:

[A]ct upon and have a positive effect on the article being produced. In determining whether property is directly used, consideration must be given to the following factors:

A. The physical proximity of the property in question to the production process in which it is used;

B. The proximity of time of use of the property in question to the time of use of other property used before and after it in the production process;

C. The active causal relationship between the use of the property in question and the production of a product.

 We observe that the Department's interpretation of direct use involves a "positive effect" and an "active causal relationship" to the production process. Our holdings in *American Dairy* and *RCA* certainly seem to follow this strict interpretation. We, thus, determine that the use of safety equipment in the production process is not a "direct use" as it does not have a positive effect and active causal relationship to the production of a product. Safety equipment is for the protection of workers not the creation of a product. We, therefore, reverse and remand on this issue.

 The Department also raises the issue of whether the trial court properly disallowed the 10% tax penalty. The record shows that the Department relied on IC 6–2–1–16(f) in imposing the penalty. That statute provides in pertinent part:

(f) If any taxpayer fails to file a return or to pay tax within the time prescribed by this chapter, the department shall add to the tax of such person ten percent (10%) thereof as a penalty. . . .[1]

Even though the trial court found that the Taxpayer had a reasonable basis for excluding the items it did and that the Taxpayer did not negligently fail to pay the taxes [*see infra* IC 6–2–1–16(d)], the Department makes the argument that the Taxpayer failed to timely pay the tax and thus the penalty is due. The Department argues that under IC 6–2–1–16(f) intent of the Taxpayer is of no consequence.

We think that IC 6–2–1–16(f), in referring to a failure to pay tax, does not refer to items that the Taxpayer in good faith and within a reasonable basis does not include as taxable under the sales and use tax. In this case, the Taxpayer paid what he thought to be the proper tax on time and he later paid the assessment on the audit on time.

The Department wishes to subsume even good faith disputes under subsection (f), a result obviously not intended by the legislature, as an examination of subsection (d) shows.

Subsection (d) states in pertinent part:

If any part or all of the deficiency is due to negligence or intentional disregard of this Chapter or of authorized rules and regulations, but without intent to defraud, there shall be added as a penalty, ten percent [10%] of the total amount of the deficiency . . . ..

The Department asks us to make a nullity of the "negligence or intentional disregard" standard as to deficiencies and to make subsection (f) a comprehensive strict liability section for deficiencies. We refuse

---

1. This statute was amended with no material change, effective January 1, 1978.

to do this.[2] We, therefore, affirm the decision of the trial court on this issue.

Affirmed in part, reversed in part and remanded for further proceedings not inconsistent with this opinion.

NEAL and RATLIFF, JJ., concur.

2. To the extent that *Indiana Department of State Revenue v. Sohio Petroleum Co.*, (1976) Ind.App., 352 N.E.2d 95, 101–102 contradicts our decision, we overrule it.