**MUMMA BROTHERS DRILLING CO., a Partnership and Mumma Drilling, Inc., an Indiana Corporation, Appellants (Plaintiffs Below),**

v.

**DEPARTMENT OF REVENUE, State of Indiana, Appellee (Defendant Below).**

No. 1–480–A–88.

Court of Appeals of Indiana, First District.

Oct. 28, 1980.

Rehearing Denied Dec. 3, 1980.

Richard C. Rusk, Washington, for appellant.

Theodore L. Sendak, Atty. Gen., Ted J. Holaday, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Presiding Judge.

This is a tax case. It involves the application of sales and/or use taxes to purchases of drilling equipment by Mumma Brothers Drilling Co. (Taxpayer). The case has been before us already in the form of an appeal from summary judgment for the Taxpayer. *Department of Revenue v. Mumma Brothers Drilling Co.*, (1977) Ind. App., 364 N.E.2d 167. The action began as a claim of a refund for taxes paid. We previously held part of the claim is barred by a statute of limitations and reaffirm that holding. We also reversed the other

claims for taxes erroneously paid, in order that the trial court make a factual determination of whether the Taxpayer is exempted from paying the tax. The trial court, on remand, found the taxes properly paid and the Taxpayer appeals.

The Taxpayer is in the business of drilling water wells and installing pumps and plumbing for residences, farms and commercial entities in order to provide water for livestock and human consumption. The Taxpayer also repairs and replaces equipment which is used to extract water from the ground.

The provision of the sales tax code that makes Mumma subject to the sales or use tax is Ind. Code 6–2–1–38(k). The statute reads:

(k) Every person making sales of tangible personal property to be used by the purchaser, including builders and contractors, whether general, prime or subcontractors, for incorporation in or improvement of a facility or structure constituting or becoming part of the land on which such facility or structure is situated, and not for resale as tangible personal property, shall be deemed to be a retail merchant in respect to such sales, and every such transaction shall constitute selling at retail subject to either the state gross retail tax or the use tax. Every such builder or contractor who furnishes tangible personal property for the purposes aforesaid, in respect to which property when acquired by the builder or contractor or by any predecessor supplier thereof neither the state gross retail tax nor the use tax was imposed, shall be deemed to be a user for consumption in respect to such property and the furnishing of such property shall be subject to the use tax imposed by this act as in section 45 [6–2–1–45] provided. Notwithstanding any other provision of this act [6–2–1–1—6–2–1–53], the furnishing of such property either to or by the builder or contractor, whether general, prime or subcontractor, for incorporation in or as incorporated in such facility or structure shall be subject to but one [1] imposition of either of such

taxes under the provisions of this subsection or any other provisions of this act and not to any repetitive or multiple imposition thereof: Provided, however, That no state gross retail or use tax shall be owing in respect to any of the foregoing transactions in which the ultimate purchaser or recipient of the tangible personal property to be incorporated in or used as an improvement to a real estate facility or structure would be entitled under the exemption provisions of this act to purchase such property from the supplier thereof without liability for the state gross retail tax or use tax.

We have no doubt that the Taxpayer is a contractor under this provision, as it purchases tangible personal property and incorporates it in a facility that becomes part of the land. Therefore, under the statute it should either pay sales tax to its materialmen or pay a use tax. However, under the IC 6–2–1 38(k) proviso, no tax is to be paid if, assuming the ultimate purchaser or user purchased the equipment himself, the ultimate purchaser or user would pay no tax under one of the exemptions of IC 6–2–1–39.

We turn then to the exemptions. The Taxpayer solely relies on IC 6–2–1–39 (b)(6) which states in relevant part as an exemption:

Sales of manufacturing machinery, tools and equipment to be directly used by the purchaser in the direct . . . extraction of tangible personal property.

■ We stated in the previous appeal that there is probably an exemption here since water, tangible personal property, is being extracted by the ultimate purchaser. However, with the question now directly before us, we question whether the Taxpayer's transactions are meant to be exempt. The evidence shows that most, if not all, of the ultimate users use the water for their own use whether in business, at home or on the farm. There is no evidence that any of the users resell the water extracted. We, thus, do not think that these transactions qualify under exemption six. We quote at length from an Indiana Supreme Court de-

cision that explains the nature and reason for this exemption. *Welsh v. Sells*, (1963) 244 Ind. 423, 434–35, 192 N.E.2d 753, 759–60:

It is further pointed out that the provisions for exemptions and classifications are common to the retail sales acts found in the thirty–six states which have such methods of taxation.

"All sales tax laws exempt or exclude some retail sales. The reasons for this treatment vary. Goods used in the manufacturing process are exempt entirely or partially by all state laws to avoid tax pyramiding, that is, the situation where a tax is levied on a tax and the result is a retail price increase greater than the amount of the tax. The same rationale presumably has led to the exemption of such farm supplies as feed, seed, and fertilizer. Several states also exempt industrial machinery and fuel, and some states extend the exemption to farm machinery.

.     .     .     .     .

It is apparent that the exemption is for the purpose of treating as a wholesale sale the transactions specified and hence the transaction becomes taxable under the gross income tax rather than the retail sales tax.

We think the word "manufacturing" found in exemption six connotes a resale of the tangible personal property that is extracted, and thus, the exemption prevents taxation at the wholesale level. Exemption six, fairly read, is meant to exempt capital equipment that meets the "double direct" test. We do not think the exemption was meant to apply to extraction of water for personal and not for resale use. We follow a number of decisions that have strictly construed this exemption statute against the Taxpayer. *See, e. g., Indiana Department of State Revenue v. Harrison Steel Castings Co.*, (1980) Ind.App., 402 N.E.2d 1276; *Indiana Dept. of State Revenue, Sales Tax Div. v. RCA Corp.*, (1974) Ind. App., 310 N.E.2d 96.

We, thus, agree with the trial court that the Taxpayer made insufficient showing of an exemption here.

Judgment affirmed.

NEAL and RATLIFF, JJ., concur.