Richard Clay BODINE,
Petitioner-Appellant,

v.

John P. HILER, Respondent-Appellee.

Howard L. HOSTETLER,
Petitioner-Appellant,

v.

Dick W. BOWMAN,
Respondent-Appellee.

No. 3–683A175.

Court of Appeals of Indiana,
Third District.

May 24, 1984.

Stutsman & Stevens, Elkhart, for petitioners-appellants.

Daniel A. Manion, South Bend, and John D. Ulmer, Goshen, for respondent-appellee John P. Hiler.

R. Gordon Lord, Goshen, for respondent-appellee Dick W. Bowman.

GARRARD, Judge.

Richard Bodine and Howard Hostetler filed petitions contesting certain elections held in Elkhart County, Indiana, in November 1982. The trial court dismissed the petitions as not timely filed and this appeal resulted.

A general election was held in Elkhart County on November 2, 1982. On November 17, 1982, Bodine filed a petition to contest the election, naming his opponent in the race for United States Representative from the Third District, John Hiler, as respondent. Likewise, on November 17, Hostetler filed a petition to contest the election of Dick Bowman as Sheriff of Elkhart County. The petitions were filed pursuant to IC 3-1-28-1 *et seq.* (1982 Ed.). Hiler and Bowman moved to dismiss the petitions, alleging *inter alia* that the petitions were filed between 12:30 p.m. and 1:30 p.m. on November 17, 1982 and therefore were not timely filed because IC 3-1-1-2.5 (1982 Ed.) requires that a filing be made by noon of the final day provided for that filing. The trial court granted the motion and dismissed the petitions.

■ We commence by observing that the common law made no provision for contesting elections. *State ex rel. Robertson v. Cir. Ct. of Lake Co.* (1938), 215 Ind. 18, 17 N.E.2d 805. The statute permitting such contests provides a special statutory proceeding. *State ex rel. Lord v. Sullivan* (1938), 214 Ind. 279, 15 N.E.2d 384. Thus, the requirements imposed by the statute are jurisdictional. *Marra v. Clapp* (1970), 255 Ind. 97, 262 N.E.2d 630; *State ex rel. Howard v. Lake Cir. Ct.* (1954), 233 Ind. 459, 121 N.E.2d 647.

■ Secondly, it must be recalled that it is our duty to give effect to the plain and manifest meaning of the language used by the legislature. *Ott v. Johnson* (1974), 262 Ind. 548, 319 N.E.2d 622.

"It is only when the language of the statute is ambiguous that the courts should search for legislative intent."

262 Ind. at 552, 319 N.E.2d at 624.

Thus, where the language used is clear and unambiguous, this court may not substitute language which it feels the legislative body may have intended. *Ott, supra; State v. Squibb* (1908), 170 Ind. 488, 84 N.E. 969.

■ In the case before us we are concerned with a 1975 amendment to the election laws.[1] The provision was added to the "general provisions" chapter of the statute. It states:

"Whenever a final day for a particular filing is provided by law, but no final hour of that day is specified, the final hour for the receipt of the particular filing is twelve o'clock noon, prevailing time, of the final day of filing."

The section does not purport to apply merely to declarations of candidacy, although the legislature could quite easily have so restricted it had it desired to do so. Instead the section is simply made applicable to any particular filing where a final day but no final hour by which the filing must be made has been provided by law. The clear and unambiguous meaning of the language used is that it applies to all filings under the act which are subject to date deadlines.[2]

The provisions concerning election contests for district and county offices appear at IC 3-1-28-1 through 8. It appears that the critical provision is IC 3-1-28-4(a) which provides in pertinent part:

"Any person desiring to contest any election ... shall file, in the office of the clerk of the circuit court of the proper county, his petition ...."

\*   \*   \*   \*   \*   \*

Such petition shall be verified by the contestor and shall be filed within fifteen

---

1. Public Law 3, Acts of 1975 contained one section. The title provided, "An act to amend IC 1971, 3-1-1 by adding a new section 2.5 concerning filings under the Indiana election laws."

2. Nowhere does the statute, itself, provide a special definition of "filing."

(15) days after the day on which the election is held."

Such a petition thus is a "filing" within the meaning of the election code. When appellants failed to file their petitions by noon on the fifteenth day following the election[3] the circuit court failed to acquire jurisdiction of the cases.

Two other points raised by appellants must be considered.

First they assert the court erred in not construing their petition as one for declaratory judgment. We disagree. Their petition clearly attempted to state the statutory claim of an election contest. The statute provides the remedy.

We do not dispute that Indiana Rules of Procedure, Trial Rule 57 was intended to and did relax the historical prohibitions in Indiana against use of declaratory judgment where there was another remedy possible. *See, e.g., Bryarly v. State* (1953), 232 Ind. 47, 111 N.E.2d 277; *Brindley v. Meara* (1935), 209 Ind. 144, 198 N.E. 301. Even so, the liberalized view of declaratory judgment was not intended to permit a party an alternative forum when he failed to comply with the necessary requirements to litigate his claim under a specific statutory procedure provided for the adjudication of such claims. *Thompson v. Medical Licensing Board* (1979), 180 Ind.App. 333, 389 N.E.2d 43, *cert. den.* 449 U.S. 937, 101 S.Ct. 335, 66 L.Ed.2d 160. Assuming *arguendo* that the court *might* have treated the claim as one for declaratory judgment, there has been no showing that it abused its discretion in refusing to do so. Thus, even under the latitude recognized in *Thompson, supra,* there was no reversible error.

Finally, appellants assert that because the trial court considered the affidavits of late filing given by the chief deputy clerk, the motion should have been treated as one for summary judgment. They assert that statutes of limitation are easily waived and that they were entitled to notice and hearing upon the motions. We agree in part.

Initially we note that TR 12(B) refers *only* to failure to state a claim pursuant to TR 12(B)(6) in its provision that when "matters outside the pleading" are considered, the motion "shall be treated as one for summary judgment." Thus, the rule does not purport to require summary judgment treatment where the question is dismissed for lack of jurisdiction under TR 12(B)(1). Indeed, concerning an attack for lack of jurisdiction which was presented as a motion for summary judgment, the court in *Dept. of Revenue v. Mumma Bros. Drilling Co.* (1977), 173 Ind.App. 487, 364 N.E.2d 167, *aff'd. after remand* 411 N.E.2d 676 (Ind.App.1980) held that the court should have treated the motion as a motion to dismiss pursuant to TR 12(B)(1) and should have dismissed the claim.

On the other hand it is apparent that the jurisdictional question is one of jurisdiction of the particular case. As such, the defect can under appropriate circumstances be waived. *Bd. of Trustees of Town of New Haven v. City of Fort Wayne* (1978), 268 Ind. 415, 375 N.E.2d 1112.

On this basis we believe the appellants were entitled to notice and hearing before the court considered and ruled upon the motion. TR 6(D); *cf. Otte v. Tessman* (1981), Ind., 426 N.E.2d 660. In *Otte* albeit dealing with a summary judgment, the Supreme Court rejected this court's view that in order to secure a reversal the party denied full notice and formal hearing should have to demonstrate some specific harm he incurred as a result of the failure. The court held instead that prejudice will be presumed on appeal. 426 N.E.2d 661.

---

**3.** This appears by affidavit and is undisputed by either appellant. Contrary to the position taken by the dissent, we find that IC 3–1–28–6 which calls for application of the regular rules of civil procedure, and might thus arguably extend the filing deadline, is inapplicable. That section rather clearly applies *only after* an election contest has been properly initiated in the circuit court. It therefore cannot properly be invoked to alter the prescribed procedure for initiating the contest.

Accordingly, the decision is vacated and remanded to the trial court with instructions to grant notice and hearing. In the event it then appears that appellants failed to properly invoke the jurisdiction of the court as herein discussed, judgment of dismissal should be entered.

Reversed and remanded.

STATON, P.J., dissents and files separate opinion.

CONOVER, P.J. (sitting by designation) concurs.

STATON, Presiding Judge, dissenting.

I respectfully dissent. The majority opinion fails to give effect to the explicit provisions contained in the statutes governing election contests. Therefore, I believe that the petitions filed by Bodine and Hostetler were timely filed and I would reverse the trial court's dismissal and remand this case for further proceedings.

While I agree with the majority that an election contest is a proceeding created by statute and that the statutory procedures must be followed, I cannot agree that IND. CODE 3–1–1–2.5 (1982 Ed.) applies to election contests. The statute governing election contests contains an explicit provision that the rules governing civil proceedings will govern proceedings to contest elections:

"The court, or the judge thereof in vacation, shall fix a time, within twenty (20) days after the return day fixed in such notice to the contestee, for the hearing of the contest proceedings, except in case a recount is had, then the court or judge shall fix such hearing for a time within twenty (20) days after the filing of the certificate of such recount commissioners. Such proceedings shall be heard and determined by the court, without a jury, and *the practice and procedure in civil actions shall govern, except as otherwise provided in this article.*"

IND.CODE 3–1–28–6 (1982 Ed.) (emphasis supplied.) The clear meaning of the statute is that a proceeding to contest an election will be governed by the civil rules of procedure. It would be incongruous to say that the civil rules apply after a proceeding under the statute has been initiated but do not apply to the initiation of such proceedings. Although IC 3–1–1–2.5 concerns "filings" and the term "filing" is not defined in the election statutes, it is logical to assume that the noon deadline applies to filings which relate directly to the election process, such as filings to declare candidacy for an office. *See* IND.CODE 3–1–9–5 (1983 Supp.). In contrast, the proceeding to contest an election is a judicial proceeding, instituted in accordance with the rules governing civil proceedings. IC 3–1–1–2.5 is couched in general terms; IC 3–1–28–6 specifically addresses election contests. A specific statute will control over a more general statute where the two cannot be harmonized. *Sharton v. Slack* (1982), Ind. App., 433 N.E.2d 856, 859 (*trans. denied.*)

Another argument made in favor of applying IC 3–1–1–2.5 to election contest proceedings is that IC 3–1–28–6 specifically excepts provisions made "in this article" from the general statement that the civil rules will govern, and "this article" refers to Article 1 of Title 3 of the Indiana Code, which includes IC 3–1–1–2.5. This argument is clearly incorrect.

The cardinal rule of statutory construction is that the court must give effect to the intent of the Legislature. *Dague v. Piper Aircraft Corp.* (1981), Ind., 418 N.E.2d 207, 210. In determining legislative intent, we will look to the statutory language but will not interpret that language in such a way as to produce an absurd or illogical result. *Walton v. State* (1980), 272 Ind. 398, 398 N.E.2d 667, 670–71. If the meaning is ambiguous, we will construe the statute consistently with other statutes. *Dague v. Piper Aircraft Corp., supra.*

When applying these rules, it should be determined that "this article" as used in IC 3–1–28–6 refers to what is now identified as "Chapter 28" of Article 1 of Title 3. When IC 3–1–28–6 was originally enacted as part of the Indiana Election Code, 1945

Ind.Acts Chapter 208, it appeared as follows:

## "ARTICLE 28

"CONTEST OF ELECTIONS—DISTRICT, CIRCUIT, COUNTY TOWNSHIP AND MUNICIPAL OFFICES

\* \* \* \* \* ·\*

"Hearing—Decision—Appeal.

Sec. 346. The court, or the judge thereof in vacation, shall fix a time, within twenty (20) days after the return day fixed in such notice to the contestee, for the hearing of the contest proceeding, except in case a recount is had, then the court or judge shall fix such hearing for a time within twenty (20) days after the filing of the certificate of such recount commissioners. Such proceeding shall be heard and determined by the court, without a jury, and the practice and procedure in civil actions shall govern, except as otherwise provided in this article. . . ."

The section was incorporated intact into the Indiana Code as IC 3–1–28–6. It is apparent that the reference to "this article" refers to Article 28 of 1945 Ind.Acts, Chapter 208. This position is supported by an examination of references in surrounding statutes, such as "section three hundred and forty-one," IC 3–1–28–4 and "sections three hundred and twenty-four to three hundred and forty," IC 3–1–28–5. These references cannot refer to sections of the act as presently codified; they clearly refer to the sections as numbered in the original act. The Legislature, by stating "except as otherwise provided in this article," IC 3–1–28–6, clearly intended that "this article" mean the provisions presently codified at IC 3–1–28–1 through 3–1–28–8. Because IC 3–1–1–2.5 is not within IC 3–1–28–1 *et seq.,* we must look to the rules of Trial Procedure to determine whether the petitions of Hostetler and Bodine were timely filed.

TR. 6(A) sets forth the following method for computing time:

"Computation. In computing any period of time prescribed or allowed by these rules, by order of the court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed is to be included unless it is:

(1) a Saturday,

(2) a Sunday,

(3) a legal holiday as defined by state statute, or

(4) a day the office in which the act is to be done is closed during regular business hours.

In any event, the period runs until the end of the next day that is not a Saturday, a Sunday, a legal holiday, or a day on which the office is closed. When the period of time allowed is less than seven [7] days, intermediate Saturdays, Sundays, legal holidays, and days on which the office is closed shall be excluded from the computations."

This rule does not require that a prescribed period end at noon. By the express language of IC 3–1–28–6, TR. 6 applies to proceedings to contest an election. There is no dispute that Bodine and Hostetler filed their petitions on the fifteenth day after the election. Therefore, the petitions were timely filed and should not have been dismissed.

For the foregoing reasons, I dissent and would reverse the trial court's dismissal and remand for further proceedings.