Richard S. BRILES, Appellant (Plaintiff Below),

v.

Randy H. WURTSBAUGH, Appellee (Defendant Below).

No. 86A03–8804–CV–95.

Court of Appeals of Indiana, Third District.

Nov. 28, 1988.

S. Gregory Howard, Fowler, for appellant.

HOFFMAN, Judge.

Appellant Richard S. Briles appeals a trial court decision dismissing his petition to contest the election of appellee Randy H. Wurtsbaugh as Trustee, Ward 3 for the Town of Williamsport. After a hearing on November 23, 1987, the trial court granted Wurtsbaugh's motion to dismiss on the basis that Briles had not timely filed his petition with the Secretary of State as required by the statute.

The evidence relevant to this appeal discloses that the election was held on November 3, 1987. At 11:15 A.M. on November 10, 1987 Briles filed a verified petition to contest the election and for a recount with the Clerk of the Warren Circuit Court. Briles did not then mail a copy of the petition to the Secretary of State, but instead waited to obtain the circuit court judge's signature on the petition prior to filing the petition with the Secretary of State. At approximately 3:30 P.M. or 4:00 P.M. on November 10, 1987, Briles mailed the petition by certified mail at the only post office in Fowler, Indiana where Briles' attorney maintains his office. According to Briles' appellant's brief, both Fowler and Williamsport have only one post office with one-time collection each day. All mail is postmarked "P.M.," unless otherwise requested.

On appeal Briles raises two issues for review, which can be restated in one issue as: whether the trial court erred in dismissing Briles' petition because service of the petition upon the Secretary of State was either timely within the meaning of the statutes or was in substantial compliance with the statutes. Briles acknowledges that the filing must be made with the court by noon of the seventh day after the election, but insists that no such requirement should be made for the filing with the Secretary of State. Briles also argues that the filing with the Secretary of State is purely notice as a courtesy; thus, the filing should not be considered jurisdictional.

IND.CODE § 3-12-8-5 (1987 Supp.) states:

"A person who desires to contest an election under this chapter must file a verified petition with:

(1) the circuit court clerk of the county that contains the greatest percentage of the population of the election district; and

(2) the secretary of state;

within seven (7) days after election day."

IND.CODE § 3-5-4-1 (1986 Supp.) provides:

"Whenever this title specifies a final day for a particular filing but no final hour of that day, the final hour for the receipt of the particular filing is noon, prevailing time, of that final day."

The noon deadline was specifically addressed by this Court in *Bodine v. Hiler* (1984), Ind.App., 463 N.E.2d 539, 543–544. In *Bodine* this Court observed:

"We commence by observing that the common law made no provision for contesting elections. *State ex rel. Robertson v. Cir.Ct. of Lake Co.* (1938), 215 Ind. 18, 17 N.E.2d 805. The statute permitting such contests provides a special statutory proceeding. *State ex rel. Lord v. Sullivan* (1938), 214 Ind. 279, 15 N.E. 2d 384. Thus, the requirements imposed by the statute are jurisdictional. *Marra v. Clapp* (1970), 255 Ind. 97, 262 N.E.2d 630; *State ex rel. Howard v. Lake Cir.Ct.* (1954), 233 Ind. 459, 121 N.E.2d 647.

Secondly, it must be recalled that it is our duty to give effect to the plain and manifest meaning of the language used by the legislature. *Ott v. Johnson* (1974), 262 Ind. 548, 319 N.E.2d 622.

'It is only when the language of the statute is ambiguous that the courts should search for legislative intent.' 262 Ind. at 552, 319 N.E.2d at 624.

Thus, where the language used is clear and unambiguous, this court may not

substitute language which it feels the legislative body may have intended. *Ott, supra; State v. Squibb* (1908), 170 Ind. 488, 84 N.E. 969.

In the case before us we are concerned with a 1975 amendment to the election laws. The provision was added to the 'general provisions' chapter of the statute. It states:

'Whenever a final day for a particular filing is provided by law, but no final hour of that day is specified, the final hour for the receipt of the particular filing is twelve o'clock noon, prevailing time, of the final day of filing.'

The section does not purport to apply merely to declarations of candidacy, although the legislature could quite easily have so restricted it had it desired to do so. Instead the section is simply made applicable to any particular filing where a final day but no final hour by which the filing must be made has been provided by law. The clear and unambiguous meaning of the language used is that it applies to all filings under the act which are subject to date deadlines.

The provisions concerning election contests for district and county offices appear at IC 3–1–28–1 through 8. It appears that the critical provision is IC 3–1–28–4(a) which provides in pertinent part:

'Any person desiring to contest any election ... shall file, in the office of the clerk of the circuit court of the proper county, his petition....

\*  \*  \*  \*  \*  \*

Such petition shall be verified by the contestor and shall be filed within fifteen (15) days after the day on which the election is held.'

Such a petition thus is a 'filing' within the meaning of the election code. When appellants failed to file their petitions by noon on the fifteenth day following the election the circuit court failed to acquire jurisdiction of the cases." (Footnotes omitted.)

463 N.E.2d at 543–544.

Although the statutes have been re-enacted and the 15–day deadline was altered to 7 days, the reasoning is dispositive of the present case. Briles' attack on the efficacy of the case is unavailing at this stage of review. Neither the statute nor *Bodine, supra,* except the filing with the Secretary of State from the filing deadline. The filing with the Secretary of State may be purely informational and as a courtesy but it is nonetheless jurisdictional under the statute and the reasoning of *Bodine, supra.*

■ Additionally, Briles argues that the computation of time for filing should be controlled by Ind.Rules of Procedure, Trial Rule 6. Trial Rule 6 allows exclusion of Saturdays, Sundays and holidays in computing the time for filings when the filing period is less than 7 days. Trial Rule 6 is inapplicable because the filing period is 7 days even though the deadline is noon. Also, *Bodine, supra, in dicta* noted that extension of the filing deadline based upon a statute could not be invoked before the election contest has been properly initiated. *Bodine, supra,* 463 N.E.2d at 542, n. 3.

Here, Briles chose not to file the petition with the Secretary of State until it had been signed by the trial judge, an act not required by the statute. Briles' argument with regard to the single mail collection is also unavailing inasmuch as Briles did not attempt to mail the petition until after the noon deadline.

The petition was not timely filed with the Secretary of State in accordance with the applicable statutes. *Bodine* and its progeny have demanded strict compliance with the statutes.

There being no finding of error, the trial court's judgment is affirmed.

AFFIRMED.

SHIELDS, P.J., concurs.

STATON, J., dissents with opinion.

STATON, Judge, dissenting.

The Majority relies on *Bodine v. Hiler* (1984), Ind.App., 463 N.E.2d 539 to support

their position. I dissent for the same reasons that I dissented in *Bodine v. Hiler.*