Jennifer GREEN, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A04–9712–CR–531.

Court of Appeals of Indiana.

Aug. 26, 1998.

Timothy J. Burns, Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

### OPINION

RILEY, Judge.

#### STATEMENT OF THE CASE

Defendant–Appellant Jennifer Green appeals her conviction of operating a vehicle with at least a blood alcohol count of .10%, a Class C misdemeanor.[1]

We affirm.

---

1. Ind.Code 9–30–5–1.

## ISSUE

Green raises one issue for our review, which we restate as: whether there was sufficient evidence to support Green's conviction.

## FACTS AND PROCEDURAL HISTORY

On December 15, 1996, at approximately 1:18 a.m., Indianapolis Police Sergeant Robert Rennaker observed an automobile proceeding down an Indianapolis street at 55 m.p.h. in a 30 m.p.h. posted zone. He also observed that the car was being driven by a person later identified as Green. Sergeant Rennaker activated his lights, and Green stopped her automobile. As she stopped the automobile, she swerved to the left and struck and bounced off the center curb before bringing the automobile to a stop on the right side of the street.

After observing signs of intoxication, Sergeant Rennaker administered three field sobriety tests. Green failed the tests. She was transported to the a local police station, where a certified chemical test operator administered a chemical test and obtained a reading of .13% BAC at 2:11 a.m.

Green was arrested and charged with operating a vehicle while intoxicated, a Class A misdemeanor, and operating a vehicle with at least a blood alcohol content of .10%, a Class C misdemeanor. After a bench trial, the trial court found her guilty of the Class C misdemeanor. She now appeals.

## DISCUSSION AND DECISION

Green contends that her conviction was not supported by sufficient evidence. She specifically argues that the State failed to rebut the testimony of an expert defense witness who questioned the accuracy of the chemical test.

In reviewing sufficiency claims, this court does not reweigh the evidence or judge the credibility of the witnesses. We will consider only the evidence most favorable to the verdict, together with all reasonable and logical inferences to be drawn therefrom. The verdict will be affirmed if there is substantial evidence of probative value to support the conclusion of the trier of fact. *Vega*

*v. State*, 656 N.E.2d 497, 504 (Ind.Ct.App. 1995), *reh'g denied, trans. denied.* Reversal is appropriate only when reasonable persons would be unable to form inferences as to each material element of the offense. *Id.*

The State presented evidence in the form of testimony by two police officers, Sergeant Rennaker and Officer Michael Clupper. The State also presented the results of the certified Intoxilizer 5000 test. Sergeant Rennaker, an officer trained in detecting impaired and intoxicated drivers, testified that he observed various indications of alcohol consumption by Green, including alcohol odor, bloodshot eyes, slurred speech, and erratic, dangerous driving patterns. He also testified that he administered three field sobriety tests, all of which Green failed.

Officer Clupper testified that he was trained and certified in administering chemical tests for blood alcohol level. He also testified that the Intoxilizer 5000 he used was in compliance with the Indiana Law pertaining to implied consent to test for intoxication. He further testified that the intoxication level of .13% was registered by an Intoxilizer 5000 model, and that it was certified as in "good operating condition" by the State Department of Toxicology pursuant to Ind.Code 9–30–6–5.

Breathalyser results, coupled with other evidence, have provided sufficient evidence to support convictions in numerous cases. *See e.g. Mullins v. State*, 646 N.E.2d 40 (Ind. 1995) (printout from breath analysis machine considered sufficient when coupled with red, glassy eyes, slurred speech, and admission by defendant of drinking a few beers); *Clark v. State*, 512 N.E.2d 223 (Ind.Ct.App.1987) (odor of alcohol; watery, bloodshot eyes; failure of three field sobriety tests; .16% BAC on a breathalyser considered sufficient evidence). It is clear that the State established a prima facie case.

Green's expert witness testified in rebuttal to the State's evidence. The witness questioned the accuracy of the chemical test result and testified that he believed Green's blood alcohol count to be in the range of .06% to .08%. He opined that the Intoxilizer 5000 produces an estimate that is based on many

variables and that these variables prevent the test result from being "conclusive."

Where a prima facie case has been established, and contradictory or rebutting evidence is presented, "the prima facie case does not disappear, but remains in the case." *Hughes v. State*, 481 N.E.2d 135, 137 (Ind.Ct. App.1985). Whether the rebutting evidence is sufficient to overcome the prima facie case is for the trier of fact to determine from all of the evidence. *Id.* The trier of fact may accept or reject the expert witness's testimony. *Bonham v. State*, 644 N.E.2d 1223, 1227 (Ind.1994), *reh'g denied.*

In the present case, the trial court determined either that the rebuttal witness was not credible or that his testimony was insufficient to overcome the State's evidence, or both. Accordingly, the State was not required to rebut Green's rebuttal witness. *See Walton v. State*, 272 Ind. 398, 400, 398 N.E.2d 667, 669 (holding that "[w]hen the guilt of the defendant can be found, beyond a reasonable doubt, from the evidence presented and the reasonable inferences to drawn therefrom, a prima facie case has been made, and the trier of fact is not required to accept the defendant's evidence as true.").

In truth, Green is requesting that we reassess the witness's credibility or reweigh the evidence. We will not do so.

## CONCLUSION

The State presented sufficient evidence to support Green's conviction.

Affirmed.

RUCKER and GARRARD, JJ., concur.