**UACC MIDWEST, INC., successor by merger to Evansville Cable Television, Inc., Petitioner,**

v.

**The INDIANA DEPARTMENT OF STATE REVENUE, and Kenneth L. Miller, Commissioner of The Indiana Department of State Revenue, Respondents.**

**No. 49T10–9204–TA–00012.**

Tax Court of Indiana.

March 2, 1994.

---

John W. Allen, Michele L. Halloran, Patrick R. Van Tiflin, Howard & Howard, Lansing, MI, for petitioner.

Pamela Carter, Atty. Gen., Marilyn S. Meighen, Thomas K. Caldwell, Deputy Attys. Gen., Indianapolis, for respondents.

FISHER, Judge.

UACC Midwest, Inc. (UACC), as successor by merger to Evansville Cable Television, Inc., appeals the final determination of the Indiana Department of State Revenue (the Department), denying UACC's claim for refund of Indiana gross income tax paid for the fiscal year ending August 31, 1987, the shortened calendar year 1987, and the calendar years 1988 and 1989 (the years in issue). The parties now bring cross-motions for summary judgment.

## ISSUES

I. Whether the court has subject matter jurisdiction.

II. Whether the gross income tax structure is constitutionally valid.

III. Whether the Department can counterclaim for the refunds issued to UACC for 1986 and 1990.

## FACTS

UACC, a Delaware corporation, is a cable operator with Indiana offices in Evansville and Anderson. UACC selects, produces, and delivers video and audio entertainment information programming services. For the tax years 1986 through 1990, UACC timely filed its Indiana gross income tax returns. It subsequently filed amended returns, with explanatory statements attached, seeking refunds. It did not file the Department's claim for refund form, Form 615.

The Department approved the refund for 1986 and 1990. For the years in issue, however, the Department either denied the refund or merely failed to respond within 180 days. UACC now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

"[E]ach party to a summary judgment motion must designate to the court all parts of pleadings, depositions, answers to

interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion." *Fort Wayne Nat'l Corp. v. Indiana Dep't of State Revenue* (1993), Ind. Tax, 621 N.E.2d 668, 670 (quoting *Rosi v. Business Furniture Corp.* (1993), Ind., 615 N.E.2d 431, 434) (alteration in original); Ind. Trial Rule 56(C). If, after reviewing the designated evidentiary materials, the court determines that no genuine issue of material fact exists and a party is entitled to judgment as a matter of law, either the movant or the non-movant may be granted summary judgment. T.R. 56(C); *Harlan Sprague Dawley, Inc. v. Indiana Dep't of State Revenue* (1992), Ind. Tax, 605 N.E.2d 1222, 1224 (citing *C & C Oil Co. v. Indiana Dep't of State Revenue* (1991), Ind. Tax, 570 N.E.2d 1376, 1378).

## I

 The Department moves for summary judgment alleging the court lacks subject matter jurisdiction to hear the case at bar. Because the Department's motion attacks the court's subject matter jurisdiction, the court will treat the motion as an Ind. Trial Rule 12(B)(1) motion to dismiss.[1] *See Department of Revenue v. Mumma Bros. Drilling Co.* (1977), 173 Ind.App. 487, 491–92, 364 N.E.2d 167, 170–71; 3 W. HARVEY, INDIANA PRACTICE § 56.2 at 622 (1988). The Department bases its motion on UACC's failure to file the Department's claim for refund form, Form 615.

 Compliance with the procedures prescribed in IND. CODE 6–8.1–9–1 is the exclusive remedy for relief from taxes paid. *See Evansville Concrete Supply Co. v. Indiana Dep't of State Revenue* (1991), Ind.

Tax, 571 N.E.2d 1350, 1351–52. IC 6–8.1–9–1 provides:

> (a) [i]f a person has paid more tax than the person determines is legally due for a particular taxable period, the person may file a claim for a refund with the department. *In order to obtain the refund, the person must file the claim with the department within three (3) years after the latter of the following:*
>
> (1) *The due date of the return;* [or]
> (2) *The date of payment;*
>
> . . . . .
>
> The claim must set forth the amount of the refund to which the person is entitled and the reasons that the person is entitled to the refund.

(emphasis added). 45 I.A.C. 15–9–2 provides that a claim for refund shall be filed on the form prescribed by the Department. The Department has prescribed Form 615, but use of the form is not mandatory. Neither IC 6–8.1–9–1 nor the Department's regulations require a specific form be filed to claim a refund. In fact, they specify merely the information required to process a claim for refund, which includes the reason for, and the amount of, the requested refund. *See* IC 6–8.1–9–1; 45 I.A.C. 15–9–2.

 Specifically, the Department asserts UACC's amended returns do not qualify as claims for refund because UACC did not file Forms 615. UACC instead filed Forms IT–20X, amended returns.[2] Because the amended returns for the 1987 fiscal year and the 1987 shortened tax year were filed more than three years after the due date of the respective gross income tax returns, UACC has failed to meet the time requirement of IC 6–8.1–9–1.[3] Accordingly, UACC is barred from

---

1. A T.R. 12(B)(1) motion requires the court to look at the subject matter of the case. Subject matter jurisdiction is the power of a court to hear and determine the class of cases to which the case before it belongs. *Bielski v. Zorn* (1994), Ind. Tax, 627 N.E.2d 880, 883 (quoting *Harlan Sprague Dawley, Inc. v. Indiana Dep't of State Revenue* (1991), Ind. Tax, 583 N.E.2d 214, 216). In essence, it is a question of whether the court has constitutional or statutory authority to hear and decide a claim. *Harp v. Indiana Dep't of Highways* (1992), Ind.App., 585 N.E.2d 652, 656 (quoting *State ex. rel. Young v. Noble Circuit*

*Court* (1975), 263 Ind. 353, 356, 332 N.E.2d 99, 101).

2. While there is a genuine issue as to the actual filing dates of a number of UACC's amended returns, this discrepancy is not a material fact. Both UACC's and the Department's filing dates are either within or beyond the statute of limitations for 1986, 1990, and each year in issue.

3. The Form IT–20X for the 1986 fiscal year was also filed late. Nevertheless, the Department granted a refund, as will be discussed in Section III, *infra.*

recovering a refund for the 1987 fiscal year and 1987 shortened tax year regardless of the form UACC filed. The amended returns for the 1988 and 1989 calendar years were, however, timely filed, and qualify as claims for refund.

■ UACC attached an explanatory statement to each of its amended returns. The amended return, Form IT–20X, contains three general parts providing for the computation of tax, the adjustment due to credits, and the remittance or refund due. *See* Form IT–20X.[4] UACC supplied the Department with additional information in its explanatory statements:

> This return is being amended to reclassify cable revenues for gross income tax purposes from receipts for services to retail receipts. Taxpayer's position is based on section I.C. 6–2.5–4–11(a) of the Indiana Gross Retail Tax Act which describes a cable operator as one who is making retail sales. The taxpayer believes that it should be treated consistently for both gross income tax and gross retail tax purposes.

*Petitioner's Exhibits, 1, 5, 6, 7, and 9.* The Form IT–20X, along with the explanatory statement, supplied the Department with the claim for refund information required by both statute and regulation. *See* IC 6–8.1–9–1; 45 I.A.C. 15–9–2. Because UACC provided the Department with the required information for a claim for refund within the three year time frame, its amended returns for calendar years 1988 and 1989 qualify as claims for refund.

For the reasons stated, the court GRANTS the Department's motion with respect to fiscal year 1987 and the shortened year 1987, and DENIES the Department's motion with respect to calendar years 1988 and 1989.

## II

■ UACC challenges the constitutionality of the gross income tax statutes, I.C. 6–2.1–1, on three grounds: (1) it classifies taxpayers differently from the gross retail (sales) tax statutes; (2) it classifies taxpayers differently within its own two-tier structure; and (3) its application to UACC violates the First Amendment to the United State Constitution, the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Due Course of Law Clause, Art. 1, § 12 of the Indiana Constitution, and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. In construing statutes, the court's foremost goal is to adhere to the true intent of the legislature. *Caylor–Nickel Clinic, P.C. v. Indiana Dep't of State Revenue* (1991), Ind. Tax, 569 N.E.2d 765, 768 (citing *Johnson County Farm Bureau Coop. Ass'n v. Indiana Dep't of State Revenue* (1991), Ind. Tax, 568 N.E.2d 578, 580, *aff'd* (1992), Ind., 585 N.E.2d 1336), *aff'd* (1992), Ind., 587 N.E.2d 1311. All statutes are presumptively constitutional, and the court must resolve all reasonable doubts concerning the gross income tax statute in favor of constitutionality. *See Northern Ind. Bank v. State Bd. of Finance* (1983), Ind., 457 N.E.2d 527, 529; *Short v. Texaco, Inc.* (1980), 273 Ind. 518, 521, 406 N.E.2d 625, 627–28, *aff'd* (1982), 454 U.S. 516, 102 S.Ct. 781, 70 L.Ed.2d 738. The Indiana Supreme Court has upheld the constitutionality of the Indiana Gross Income Tax Law of 1933. *Miles et. al. v. Department of Treasury* (1935), 209 Ind. 172, 199 N.E. 372, *appeal dismissed* (1936), 298 U.S. 640, 56 S.Ct. 750, 80 L.Ed. 1372.

■ The classifications, as well as the purposes, of Indiana's gross income tax and its sales tax differ. "A person is a retail merchant making a retail transaction when he furnishes local cable television service or intrastate cable television service." IC 6–2.5–4–11(a). UACC furnishes cable television services and is therefore considered a retail merchant for sales tax purposes. For gross income tax purposes, receipts from services are taxed at 1.2 percent and retail receipts are taxed at 0.3 percent. IC 6–2.1–2–3; 6–2.1–2–4; 6–2.1–2–5. UACC argues that because it is classified as a retail merchant under IC 6–2.5–4–11, its receipts

---

4. Form IT–20X also contains columns parallel to the computation of taxes and credits appropriate in which the taxpayer is to provide the amounts originally filed on Form IT–20 along with the amount of adjustment between the Form IT–20 and Form IT–20X.

should be considered retail receipts for gross income tax purposes. The Department contends that the specific classification of retail merchant for sales tax purposes does not affect the source or classification of UACC's income for gross income tax purposes.

■ "The right to tax is the highest attribute of sovereignty." *Bielski,* 627 N.E.2d at 883 (citing *M'Culloch v. Maryland* (1819), 17 U.S. (4 Wheat.) 316, 339, 4 L.Ed. 579, 585). The power is fundamental to the very existence of our government and is limited only by constitutional requirements. *Id.; State Bd. of Tax Comm'rs of Indiana v. Jackson* (1931), 283 U.S. 527, 537, 51 S.Ct. 540, 545, 75 L.Ed. 1248, 1255–56; *Miles,* 209 Ind. at 177, 199 N.E. at 374. "[I]n taxation, even more than other fields, legislatures possess the greatest freedom in classification." *Madden v. Kentucky* (1940), 309 U.S. 83, 88, 60 S.Ct. 406, 408, 84 L.Ed. 590, 593. In fact, the Indiana Supreme Court has held that "Article 1, Section 23, of the Indiana Constitution and the Equal Protection and Due Process Clauses of the Fourteenth Amendment ... do not impose any specific limitation upon the power of Indiana to classify persons and things for tax purposes other than to prohibit arbitrary classifications." *Indiana Aeronautics Comm'n v. Ambassadair, Inc.* (1977), 267 Ind. 137, 141–42, 368 N.E.2d 1340, 1343. As a result, the party attacking the constitutionality of a classification bears a difficult burden to negate every conceivable basis which might support the classification. *Madden,* 309 U.S. at 88, 60 S.Ct. at 408, 84 L.Ed. at 593. *See also Northern Ind. Bank,* 457 N.E.2d at 529; *Dague v. Piper Aircraft Corp.* (1981), 275 Ind. 520, 530, 418 N.E.2d 207, 213.

■ The Indiana Supreme Court has also held "the legislature has full power to select one class for taxation to the exclusion of another, and to tax different classes at different rates." *Miles,* 209 Ind. at 188, 199 N.E. at 379. Classifications having a fair and substantial relation to the object of the statute are valid. *See, e.g., Lutz v. Arnold* (1935), 208 Ind. 480, 499, 193 N.E. 840, 847. The gross income tax is a tax on receipts of gross income levied upon residents of a state upon the basis of privilege of domicile. *J.D.*

*Adams Mfg. Co. v. Storen* (1938), 304 U.S. 307, 58 S.Ct. 913, 82 L.Ed. 1365, *mandate conformed to* 214 Ind. 707, 15 N.E.2d 1016; *Miles* at 188, 199 N.E. at 379. The sales tax is a tax on retail transactions within the state. IND. CODE 6–2.5–2–1. UACC provides video and audio services in Indiana. Because the legislature specifically subjected these services to the sales tax, UACC is properly classified as a retail merchant for purposes of the sales tax. Accordingly, the court upholds the rate structure, as the classifications have a fair and substantial relation to the object of the individual statutes. Therefore the gross income tax is neither unconstitutional on its face nor is it unconstitutional due to its different classifications from the sales tax.

■ At this time, the court will not determine whether the application of the gross income tax to UACC violates the state or federal constitutional provisions because that determination is not necessary to resolve the motions under consideration. *See, e.g., Indiana Bureau of Motor Vehicles v. Zimmerman* (1985), Ind., 476 N.E.2d 114, *Indiana Educ. Employment Relations Bd. v. Benton Community Sch. Corp.* (1977), 266 Ind. 491, 365 N.E.2d 752. Issues of material fact concerning the proper classification of UACC's income remain. Therefore, the court will not consider UACC's challenge to the gross income tax as applied until the court has first determined the proper classification of UACC's income. Consequently, the court DENIES UACC's motion for summary judgment.

### III

■ The Department counterclaims, under Ind. Trial Rule 13, that the 1986 fiscal year and the 1990 calendar year should be reassessed because it issued refunds based on the same classification question UACC now raises. UACC challenges the propriety of the Department's counterclaim as well as the court's subject matter jurisdiction to hear the counterclaim.

■ UACC claims the statute of limitations expired for the 1986 and 1990 tax years. IC 6–8.1–5–2, which establishes the statute of limitations for assessment of tax, provides that "the department may not issue a pro-

posed assessment ... more than *three (3) years after the latest of the date the return is filed, or ... the due date of the return ...."* (Emphasis added). UACC timely filed its tax returns for 1986 and 1990; therefore, the statute of limitations commenced with the returns' due dates. Accordingly, because the tax return for the 1986 fiscal year was due December 15, 1986, the statute of limitations expired December 15, 1989. *See* IND. CODE 6–2.1–5–2(c); IC 6–8.1–5–2; 45 I.A.C. 1–1–172. Similarly, the 1990 calendar tax year return was due April 15, 1991, thus the statute of limitations expires April 15, 1994. *See* IC 6–2.1–5–2(b); IC 6–8.1–5–2. Therefore, the Department is barred from reassessing fiscal year 1986, but not calendar year 1990.[5]

▪▪▪▪ The Department argues, however, that UACC opened a new three-year statute of limitations period when it filed its amended returns. Language repeated in the same statute in the same manner is presumed to have the same meaning. *Harlan Sprague Dawley, Inc. v. Indiana Dep't of State Revenue* (1992), Ind. Tax, 605 N.E.2d 1222, 1227 (citing *Indiana Tel. Ass'n v. Public Service Comm'n* (1985), Ind.App., 477 N.E.2d 911, 917). IC 6–8.1–5–2 uses the word "return" twice, and the word has the same meaning each time. Furthermore, only an original return has a "due date." *See* IC 6–2.1–5–2; 45 I.A.C. 1–1–172.[6] Therefore, the statute of limitations commences with the

latter of the due date or filing of the *original return.*[7]

▪▪▪▪ UACC maintains that because the Department did not follow the procedures established in IC 6–8.1–5–1, it cannot reassess the 1990 tax. IC 6–8.1–5–1(a) provides:

if the department reasonably believes that a person has not reported the proper amount of tax due, the department *shall* make a proposed assessment of the amount of the unpaid tax on the basis of the best information available to the department ... The department *shall* send the person a notice of the proposed assessment through the United States mail.

(Emphasis added). When used in a statute, courts construe the word "shall" as mandatory rather than directory unless it appears clear that the legislature intended a different meaning. *Fort Wayne Nat'l Corp.*, 621 N.E.2d at 671 (citing *United Rural Elec. Membership Corp. v. Indiana & Mich. Elec. Co.* (1990), Ind., 549 N.E.2d 1019, 1022). The statutory procedures of IC 6–8.1–5–1 are mandatory to protect and afford notice to the taxpayer of a possible dispute of the tax amount for the period in question.

Nevertheless, in the circumstances like those in the case at bar, the legislature did not intend the Department to be required to jump through additional procedural hoops to raise the same issue the taxpayer has raised

---

5. The remaining subsections of IC 6–8.1–5–2 provide for extensions to the statute of limitations. Subsection (b) provides for an extension only when an understatement of at least 25 percent of the tax liability exists in the filing of the adjusted gross income tax, supplemental net income tax, county adjusted gross income tax, or the county option income tax. Subsection (d) provides for the indefinite extension in the case of the filing of a fraudulent, unsigned, substantially blank return, or the mere failure to file any return. Subsection (e) provides for an extension when the Department and the taxpayer have agreed to an extension of time in a written agreement signed by both parties. Finally, subsection (f) provides for an extension where the taxpayer and the secretary of treasury of the United States agree to extension in a written form signed by both parties. The Department has not shown that any of these subsections apply to 1986, and the three year statute of limitations has expired.

6. Under the Department's regulations, an amended return can be filed to correct a previ-

ously filed return whenever a taxpayer or the Department discovers the taxpayer's gross income tax liability has been erroneously reported. 45 I.A.C. 1–1–177.

7. An analogy can be drawn to the federal situation, in which "return," as referred to in the Internal Revenue Code, is the original return for statute of limitation purposes. Revenue Ruling 72–311, 1972–1 C.B. 398. The statute of limitations runs from the due date of the original return or the payment of taxes, whichever is later and not from the filing date of the amended return. *See* Rev.Rul. 57–354, 1957–2 C.B. 913, as modified by Rev.Rul. 66–118, 1966–1 C.B. 290. *See also* 45 I.A.C. 15–9–2(c). The statute of limitations applies only to refunds because a closed year can be examined "in order to determine that the reasons set forth by the taxpayer for the refund are valid." 45 I.A.C. 15–9–2(c). The department may make necessary adjustments to conform the issues raised to the applicable law. *Id.*

in its request for judicial review. The law does not require "the doing of a useless thing." *See Cantwell v. Cantwell* (1957), 237 Ind. 168, 143 N.E.2d 275. UACC, by virtue of its dispute over its proper classification and tax rate, has clear knowledge and notice of the Department's view of the question. Furthermore, the court's determination of the Department's counterclaim will expedite resolution of the case. Thus, the Department's counterclaim is proper for calendar year 1990.

## CONCLUSION

The court has subject matter jurisdiction, UACC's amended returns qualify as claims for refund for calendar years 1988 and 1989, the Department's counterclaim for reassessment of the refund issued for 1986 is barred by the statute of limitations, while its counterclaim for 1990 is proper, and the gross income tax is not violative of the Indiana or United States Constitutions either alone or in comparison to the sales tax.

A genuine issue of material fact of the proper classification of UACC's income does remain. Accordingly, the court OVER-RULES and DENIES both UACC's and the Department's cross-motions for summary judgment in part and GRANTS each in part.