HUNTINGTON COUNTY COMMUNI-
TY SCHOOL CORPORATION and
Huntington Countywide School Build-
ing Corporation II, Petitioners,

v.

INDIANA STATE BOARD OF
TAX COMMISSIONERS,
Respondent.

No. 49T10–0106–TA–44.

Tax Court of Indiana.

Oct. 26, 2001.

Gary J. Dankert, Michael A. Wilkins, Brian J. Paul, Ice Miller, Indianapolis, IN, Theodore L. Bendall, Gordon Bendall Branham, McNeely & Delaney LLP, Huntington, IN, Attorneys for Petitioner.

Steve Carter, Attorney General of Indiana, David A. Arthur, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

Roger M. Miller, Attorney at Law, Fort Wayne, IN, Attorney for Hayden M. Schenkel.[1]

FISHER, J.

On June 1, 2001, the State Board of Tax Commissioners (the State Board) approved a lease rental agreement between the Huntington County Community School Corporation and the Huntington County-wide School Building Corporation II (collectively, the School Corporation) for the reconstruction of three elementary schools and an addition to one high school. The State Board's approval, however, was contingent upon the School Corporation first obtaining approval for the project via the petition and remonstrance process set forth in Indiana Code § 6–1.1–20–3.2. The School Corporation now appeals.

## FACTS AND PROCEDURAL HISTORY

In 1999, the School Corporation began to implement a plan to replace and reconstruct three elementary schools, as well as expand an existing high school, in Huntington County, Indiana. The School Corporation conducted a public hearing on March 6, 2000, to consider the proposed construction project. After hearing testimony and questions from the public, the School Corporation adopted a preliminary determination of its intent to proceed with the proposed plans, publishing notice of its decision on March 10, 2000.

In response to that notice, local taxpayers sought to initiate the petition and remonstrance process set forth in Indiana Code §§ 6–1.1–20–3.1 and –3.2. Specifically, on March 23, 2000, taxpayers in the community filed 504 petitions with the Huntington County Auditor (the Auditor) opposing the project. The petitions, however, were not verified as required by Indiana Code § 6–1.1–20–3.1(5). On March 29, 2000, the Auditor issued a certificate to the School Corporation, stating:

---

1. Hayden Schenkel, by way of his attorney, filed an appearance in this case on July 16, 2001. Mr. Schenkel is a Huntington County taxpayer, signatory on the remonstrance petition, and was the individual who filed the remonstrance petition with the Huntington County Auditor. Although not a party to this litigation, counsel for neither the Petitioners nor the Respondent objected to his appearance.

I ... certify that the attached petitions in opposition to the sale of bonds for the construction and equipping of three new elementary schools, an addition to Huntington North High School, primarily for it [sic] physical education program, and related facilities by Huntington County Community School Corporation in face amount of approximately Thirty Nine Million Six Hundred Thousand Dollars ($39,600,000.00) have been filed with my office. I verify that the 504 signatures on said petitions are real estate property owners in the County of Huntington.

(Ex. 7 at 1.) The Auditor made no mention in his certificate that the petitions had not been verified as required by statute.[2]

On May 22, 2000, the School Corporation, having reviewed the petitions and the Auditor's certificate, determined that the petitions had not been verified and were therefore insufficient to commence the petition and remonstrance process. Accordingly, the School Corporation moved forward with its plans and, on January 22, 2001, approved the proposed lease rental agreement. Notice of that decision was published on February 1, 2001. On February 9, 2001, taxpayers filed another remonstrance petition pursuant to Indiana Code § 21–5–12–7(b) with the Auditor. The taxpayers challenged the lease agreement because: 1) it was not necessary; and 2) the rental payments were neither fair nor reasonable.

On February 15, 2001, the School Corporation petitioned the State Board to approve the execution of the lease pursuant to Indiana Code § 6–1.1–19–8. The State Board subsequently referred the lease petition to the Indiana School Property Tax Control Board (the Control Board), as permitted by Indiana Code § 6–1.1–19–8(b).

The School Corporation held a public hearing on March 12, 2001. At that hearing, all interested persons were given the opportunity to object to the lease on the basis that it was unnecessary and that the rental payments contained therein were neither fair nor reasonable. The School Corporation subsequently approved the execution of the lease agreement.

Thereafter, on April 19, 2001, the Control Board held a hearing on the lease petition. Comments from both proponents and opponents of the project were considered. Several of the Remonstrators from Huntington County were present at the hearing. At the hearing's conclusion, the Control Board recommended approval of the lease.

Upon the recommendation of the Control Board, the State Board issued a final determination on June 1, 2001, approving the execution of the lease. In its final determination, however, the State Board found in relevant part:

10. The Auditor's [March 5, 2001] withdrawal of the approval of the objecting petitions occurred after the statutory deadline for making such a determination under IC 6–1.1–20–3.1.

11. Evidence ... was uncontroverted that the Auditor provided taxpayers with incorrect or incomplete forms for the petition remonstrance, then used the flaws in the forms as the reason for

---

**2.** One year later, on March 5, 2001, the Auditor issued another certificate stating substantially the same thing, but adding:

> I further certify that none of the documents filed with my office contained any verification under oath by any qualified petitioner before or after the opposition was filed ...

as required by IC 6–1.1–20–3.1(5). I further certify that from what I have read, the opposition petition would not appear to be a sufficient petition requesting the petition and remonstrance process....

(Ex. 7 at 390.)

determining that the petitions were insufficient.

(Ex. 7 at 494.) Based on those findings, the State Board issued its approval "subject to the condition that [the School Corporation] shall first be required to obtain approval of the project through the petition and remonstrance procedures found in IC 6–1.1–20–3.2." (Ex. 7 at 495.)

The School Corporation filed this original tax appeal on June 28, 2001. Trial was held on September 5, 2001. Additional facts will be supplied as necessary.

### STANDARD OF REVIEW

■ This Court gives great deference to a final determination of the State Board. *Wetzel Enters., Inc. v. State Bd. of Tax Comm'rs*, 694 N.E.2d 1259, 1261 (Ind. Tax Ct.1998). Accordingly, this Court will reverse a State Board final determination only when it is unsupported by substantial evidence, arbitrary or capricious, constitutes an abuse of discretion, or exceeds statutory authority. *Id.*

### DISCUSSION AND ANALYSIS

■ When determining whether to approve or disapprove a school building construction project (and, by implication, the execution of a lease agreement), the legislature has directed the State Board to consider the following factors:

(1) The current and proposed square footage of school building space per student.

(2) Enrollment patterns within the school corporation.

(3) The age and condition of the current school facilities.

(4) The cost per square foot of the school building construction project.

(5) The effect that completion of the school building construction project would have on the school corporation's tax rate.

(6) *Any other pertinent matter.*

IND.CODE § 6–1.1–19–4.2 (emphasis added).[3] Given the fact that the State Board is Indiana's property tax specialist and is vested with broad discretion to exercise its powers in the performance of its duties, *Bell v. State Bd. of Tax Comm'rs*, 651 N.E.2d 816, 819–20 (Ind. Tax Ct.1995), the sixth factor gives the State Board leeway to consider any non-listed factor that it considers "pertinent" to the approval or disapproval of the project and/or its lease agreement.

■ In the case at bar, the State Board considered "pertinent" to its approval of the lease agreement whether or not Huntington County taxpayers had an adequate opportunity to remonstrate against the School Corporation's proposed project. The Court believes the State Board was within its discretion to do so.[4] The Court

3. This Court has previously held that this statute does not require the State Board to assign greater weight to any one of the listed factors, nor does it have to consider any single factor dispositive. *Graber v. State Bd. of Tax Comm'rs*, 727 N.E.2d 802, 807 (Ind. Tax Ct.2000). Indeed, all that is required by the State Board is that it *considers* each of the listed factors, though it does not have to base its ultimate decision on them. *Id.*

4. *See Graber*, 727 N.E.2d at 808 (stating that in approving a lease agreement, State Board could consider soil and wastewater problems of site, as well as educational needs of Amish students within the district); *Boaz v. Bartholomew Consol. School Corp.*, 654 N.E.2d 320, 324 (Ind. Tax Ct.1995) (finding the State Board was within its authority to consider the number of signatures on a remonstrance petition in determining whether a lease rental agreement was necessary and whether the rental payments therein were fair and reasonable).

also believes, however, that the State Board went too far.

Generally, when school corporations decide to build new schools, taxpayer emotion runs high, and debate as to the necessity of a project is frequent. Accordingly, the Indiana legislature has afforded taxpayers several opportunities throughout the process to voice their concerns. One such opportunity is the remonstrance process set forth in Indiana Code §§ 6–1.1–20–3.2.[5]

Nevertheless, Indiana Code § 6–1.1–20–3.2 states that the remonstrance process can be initiated only *"[i]f a sufficient petition ... has been filed as set forth in section 3.1 of this chapter[.]"* IND.CODE § 6–1.1–20–3.2 (emphasis added). Thus, the petition and remonstrance process set forth in Indiana Code § 6–1.1–20–3.2 is not initiated until the prerequisites of Indiana Code § 6–1.1–20–3.1 are met.

Indiana Code § 6–1.1–20–3.1 provides that once a school corporation makes a preliminary determination to issue bonds or enter into a lease agreement in order to finance a school construction project, it must give both published and posted notice to the public. IND.CODE §§ 6–1.1–20–3.1(1) and (2). That notice must include, among other things, "[a] statement that any owners of real property ... who want to initiate [the] petition and remonstrance process [of Indiana Code § 6–1.1–20–3.2] against ... the lease payments must file a petition[.]" IND.CODE § 6–1.1–20–2–3.1(3)(E).

For a petition under Indiana Code § 6–1.1–20–3.1 to be sufficient, it must satisfy three statutory requirements:

\* \* \* \*

(4) After notice is given, a petition requesting the application of a petition and remonstrance process may be filed by the lesser of:

> (A) two hundred fifty (250) owners of real property within the political subdivision; or

> (B) ten percent (10%) of the owners of real property within the political subdivision.

(5) Each petition *must be verified under oath by at least one (1) qualified petitioner* in a manner prescribed by the state board of accounts *before the petition is filed with the county auditor* under subdivision (6).

(6) Each petition must be filed with the county auditor not more than thirty (30) days after publication ... of the notice of the preliminary determination.

IND.CODE §§ 6–1.1–20–3.1(4), (5) and (6) (emphasis supplied).

■ The parties to this action do not debate the fact that the taxpayers gathered enough signatures for the petition, nor do they debate the fact that the petition was filed with the Auditor within the statutorily prescribed time period. In fact, the parties do not even debate the fact that the petitions were never verified. Instead, the parties debate whether, in light of alleged "misdeeds" of the Auditor, the statutory requirement of verification should be "waived."

The State Board asserts that when the taxpayers requested a petition form under Indiana Code § 6–1.1–20–3.1, the Auditor not only gave them the wrong form, but a form that lacked the verification certifica-

---

**5.** If a remonstrance is not initiated under Indiana Code § 6–1.1–20–3.2, taxpayers still have another chance to remonstrate under Indiana Code § 21–5–11–7 or Indiana Code § 21–5–12–7. A remonstrance under either one of these statutes is held much later in the process when a lease agreement is about to be executed. *See* IND.CODE § 21–5–11–7(b); IND CODE § 21–5–12–7(b).

tion as well. As a result, the State Board claims the Auditor "misled" the taxpayers into believing that verification was unnecessary. Despite the lack of verification, the State Board maintains:

> [n]o one questions that the signatures are genuine nor that the people who signed them were taxpayers in the district. The Taxpayers gathered more than double the signatures required by statute. Neither the School Corporation nor the Auditor should be permitted to ignore the peoples' message that a petition and remonstrance proceeding should go forward [under Indiana Code § 6–1.1–20–3.2].

(Resp't Post Tr. Br. at 2.)

■ The School Corporation, on the other hand, argues that Indiana Code § 6–1.1–20–3.1(5) unambiguously requires the petition be verified under oath by at least one qualified petitioner (i.e., taxpayer), and any failure to meet that requirement cannot be waived. Accordingly, the School Corporation maintains that the petition was invalid, the remonstrance process set forth in Indiana Code § 6–1.1–20–3.2 was not triggered, and the School Corporation was free to enter into the proposed lease subject to its approval by the State Board.

■ Indiana law is clear: a statute may be construed and interpreted only if it is ambiguous. *Shoup Buses, Inc. v. Dep't of State Revenue*, 635 N.E.2d 1165, 1167–68 (Ind. Tax Ct.1994). Otherwise, an unambiguous statute must be read to "mean what it plainly expresses, and its plain and obvious meaning may not be enlarged or restricted." *Dep't of State Revenue v. Horizon Bancorp*, 644 N.E.2d 870, 872 (Ind. 1994). The "words and phrases" of an unambiguous statute "shall be taken in their plain, ordinary, and usual sense." *State Bd. of Tax Comm'rs v. Jewell Grain Co.*, 556 N.E.2d 920, 921 (Ind.1990); IND. CODE § 1–1–4–1(1).

■ The term "must" carries the same meaning as "shall." *See* ROGET'S II THE NEW THESAURUS 623 (1980); WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1492 (1981). Consequently, in a statutory clause the word "must" has a mandatory, rather than a discretionary meaning. *See Bielski v. Zorn*, 627 N.E.2d 880, 885 (Ind. Tax Ct.1994). In the present case, the language "[e]ach petition *must be verified*," Indiana Code § 6–1.1–20 3.1(5) (emphasis added), is unambiguously clear: if the petition is not verified, it is invalid. Neither the State Board, nor this Court, can enlarge the statute's meaning "to account for special circumstances." *See Bielski*, 627 N.E.2d at 885.

The State Board, in turn, takes its argument to the next level: "[l]iteral compliance with the verification provision is an impossibility." (Resp't Post Tr. Br. at 15.) Specifically, the State Board argues that while the Indiana Code § 6–1.1–20–3.1(5) requires the petitions to be verified "in a manner prescribed by the state board of accounts," the state board of accounts has never prescribed such manner. (*See* Stip. Ex. A, # 22.) As a result, the State Board asks "how can the Remonstrators comply with a mandatory procedure that does not exist?" (*See* Resp't Post Tr. Br. at 15.) The State Board's argument is purely rhetoric.

■ To "verify" a legal document or petition is "[t]o confirm or substantiate by oath or affidavit; to swear to the truth of." BLACK'S LAW DICTIONARY 1556 (7th ed.1999). Any form of verification is sufficient if it serves the essential purpose of subjecting the affiant to the penalties for perjury. *Rhoads v. Carmel Bd. of Zoning Appeals*, 562 N.E.2d 752, 754 (Ind.Ct.App.1990). Indiana Trial Rule 11(B) provides guidance as to what can constitute "verification." It states:

> When in connection with any civil or special statutory proceeding it is re-

quired that any pleading, motion, petition, supporting affidavit, or other document of any kind, be verified ... it shall be sufficient if the subscriber simply affirms the truth of the matter to be verified by an affirmation or representation in substantially the following language:

*"I (we) affirm, under the penalties for perjury, that the foregoing representation(s) is (are) true.*

(Signed)_____ "

Ind. Trial Rule 11(B) (emphasis added).

Whether or not the petition form the taxpayers used under Indiana Code § 6–1.1.1–20–3.1 lacked a verification certificate is irrelevant. In fact, a plain piece of paper with the appropriate number of signatures would have been sufficient, had it been verified.[6] What is relevant is that the statute, and not the petition form, explicitly mandates that the petitions are verified. The failure of the taxpayers to include that one verification sentence under Indiana Trial Rule 11(B) is fatal to the sufficiency of their petition.

While the taxpayers had a right to challenge the School Corporation's proposed lease agreement under Indiana Code §§ 6–1.1–20–3.1 and 3.2, they also bore the responsibilities that were attached to that right. Indeed, the legislature created specific, statutory requirements by which to challenge the School Corporation's proposed lease agreement. The taxpayers must, therefore, comply with the statutory requirements or relinquish their right. *Cf. Williams Indus. v. State Bd. of Tax*

*Comm'rs,* 648 N.E.2d 713, 718 (Ind. Tax Ct.1995) (a taxpayer must comply with statutory requirements in challenging a property assessment, or the Tax Court lacks jurisdiction). Here, the taxpayers' failure to comply with these requirements renders their petition invalid. As a result, while the State Board was within its discretion to consider whether or not taxpayers had adequate opportunity to remonstrate against the proposed project, its discretion was limited to determining whether the statutory requirements of filing a remonstrance were met.

In addition, the State Board must take into account that the taxpayers were given another opportunity to remonstrate against the School Corporation's lease agreement under Indiana Code § 21–5–12–7. The Huntington County taxpayers took full advantage of this remonstrance opportunity in February and March, 2001. Therefore, the Court finds that the portion of the State Board's final determination that required the School Corporation to proceed with the petition and remonstrance process set forth in Indiana Code § 6–1.1–20–3.2 constitutes an abuse of its discretion.

**CONCLUSION**

For the aforementioned reasons, the State Board's final determination is REVERSED. It is hereby REMANDED for a final determination to be issued consistent with this opinion.

---

**6.** The Court refers the State Board to *UACC Midwest, Inc. v. Dep't of State Revenue,* 629 N.E.2d 1295 (Ind. Tax Ct.1994). In that case, this Court found that although the Department of Revenue specifically prescribed a form for claiming a tax refund, the relevant statute was silent as to prescribing the proper form. As a result, the Court held that the use of the Department's form was not mandatory. *Id.* at 1298. In this case, a similar situation exists: Indiana Code § 6–1.1–20–3.1 is silent as to a particular form to be used for the remonstrance petition. Accordingly, if the taxpayers had completed the wrong form, it would not be held against them.