Andrew & Gladys BAKOS, Petitioners,

v.

**DEPARTMENT OF LOCAL GOVERNMENT FINANCE, Respondent.**

No. 49T10–0412–TA–60.

Tax Court of Indiana.

May 25, 2006.

Andrew Bakos, Gladys Bakos, Hammond, Petitioners Appearing Pro se.

Steve Carter, Attorney General of Indiana, John D. Snethen, Dawn D. Cummings, Jennifer E. Gauger, Deputy Attorneys General, Indianapolis, for Respondent.

## ORDER ON RESPONDENT'S MOTION TO DISMISS

FISHER, J.

Andrew and Gladys Bakos (the Bakoses) appeal the final determination of the Indiana Board of Tax Review (Indiana Board) that assessed their real property for the March 1, 2002 tax year (year at issue). The matter is currently before the Court on the Department of Local Government Finance's (DLGF) motion to dismiss. In its motion, the DLGF claims this Court lacks jurisdiction over the Bakoses' appeal. For the reasons stated below, the Court GRANTS the DLGF's motion.

### FACTS AND PROCEDURAL HISTORY

The Bakoses own a single-family residence in Lake County, Indiana. For the March 1, 2002 assessment date, the DLGF

assessed the Bakoses' land at $20,200 and their improvement at $70,900. The Bakoses timely appealed to the Indiana Board, asserting that the DLGF erred in calculating the square footage of their home and that the home's assessed value was higher than comparable homes in the neighborhood. The Indiana Board issued a final determination on November 15, 2004. While the Indiana Board corrected the square footage of the improvement, it did not change the overall assessed value of the property.

On December 24, 2004, the Bakoses initiated an original tax appeal. On February 3, 2005, the Indiana Board filed a motion to dismiss for lack of subject matter jurisdiction, claiming that the Bakoses failed to name the DLGF as the proper party to the lawsuit.[1] After conducting a hearing on the Indiana Board's motion, the Court issued an order on May 13, 2005, denying the motion. In its order, the Court held that the Bakoses had sufficiently named the DLGF as a party and the case should therefore be decided on its merits. On October 5, 2005, however, the parties filed an "Agreed Stipulation and Motion to Remand," which was subsequently granted. On November 4, 2005, after another administrative hearing, the Indiana Board issued a final determination

again denying the Bakoses' request for relief.

On December 19, 2005, the Bakoses initiated a second original tax appeal.[2] On February 16, 2006, the DLGF filed a motion to dismiss for lack of jurisdiction over the particular case. The Court held a hearing on the DLGF's motion on May 15, 2006. Additional facts will be supplied as necessary.

## ANALYSIS AND OPINION

■ The sole issue before the Court is whether it has jurisdiction over the Bakoses' appeal. Every action has three jurisdictional elements: 1) jurisdiction of the subject matter; 2) jurisdiction of the person; and 3) jurisdiction of the particular case. *Carroll County Rural Elec. Membership Corp. v. Indiana Dep't of State Revenue*, 733 N.E.2d 44, 47 (Ind. Tax Ct.2000) (citation omitted). The DLGF argues that the Court lacks jurisdiction over the particular case because the Bakoses did not verify their petition.[3] (*See* Resp't Mot. to Dismiss at 3 ¶ 9–11) (citing Ind. Code Ann. § 4–21.5–5–7(b)(4) (West 2006) and Ind. Tax Court Rule 3 (footnote added).) The Court agrees.

■ "Jurisdiction over the particular case refers to the 'right, authority, and

---

1. Because the DLGF made the Bakoses' original property tax assessment, which was appealed to, and the subject of, the Indiana Board's final determination, the DLGF should have been a named respondent in the Bakoses' original tax appeal. *See* Ind. Code Ann. § 4–21.5–5–7(b)(4) (West 2006); Ind. Tax Court Rule 4(B)(2)(c).

2. On December 19, 2005, the Bakoses mailed their petition to the Indiana Tax Court Clerk's Office (Clerk). On December 30, 2005, the Clerk returned the petition to the Bakoses requesting additional documents. (*See* Pet'rs Ex. B.) On January 11, 2006, the Bakoses again filed the petition with the Clerk. On March 7, 2006, this Court issued an order

requesting that the Bakoses provide it with proof of mailing or other documentation indicating that the petition had been mailed on or before December 19, 2005. The Bakoses provided the appropriate documentation and, therefore, their petition was considered timely filed on December 19, 2005. (*See* Pet'rs Ex. A.)

3. In its motion, the DLGF asserted several other reasons why this Court lacked jurisdiction over the particular case. (*See* Resp't Mot. to Dismiss.) The Court finds it necessary to address only one of the issues counsel raised: whether the Bakoses properly verified the petition.

power to hear and determine a specific case over which a court has subject matter jurisdiction.'" *Id.* at 50 (quoting *Adler v. Adler,* 713 N.E.2d 348, 352 (Ind.Ct.App. 1999) (citation omitted)). Thus, when this Court has subject matter jurisdiction pursuant to Indiana Code § 33–26–3–1, an appeal is subject to the requirements of the Administrative Orders and Procedures Act (AOPA), as well as the Indiana Tax Court Rules. *See* IND. CODE ANN. § 6–1.1–15–5(b) (West 2006); IND. CODE ANN. § 4–21.5–5 (West 2006); Ind. Tax Court Rule 1.

■ Pursuant to Indiana Code § 4–21.5–5–7 and Tax Court Rule 3(B), an original tax appeal from a final determination of the Indiana Board is commenced by filing a *verified* petition with the Tax Court within 45 days of notice of the agency action.[4] *See* A.I.C. § 4–21.5–5–7(b); Ind. Tax Court Rule 3(B) (footnote added). Because Tax Court Rule 3(B) requires that a petition be verified under Indiana Trial Rule 11(B), the subscriber is required to "affirm[ ] the truth of the matter to be verified by an affirmation or representation in substantially the following language: 'I (we) affirm, under the penalties for perjury, that the foregoing representation(s) is (are) true. (Signed) _____[.]" ' Ind. Trial Rule 11(B).

While Indiana Trial Rule 11(B) provides guidance as to the contents of a verification statement, this Court has previously held that "[a]ny form of verification is sufficient if it serves the essential purpose of subjecting the affiant to the penalties for perjury." *Huntington County Cmty. Sch. Corp. v. Indiana State Bd. of Tax Comm'rs,* 757 N.E.2d 235, 240 (Ind. Tax Ct.2001) (citation omitted). In this case, the Bakoses signed their petition, but failed to include any statements verifying the representations made therein. (*See* Pet'rs Pet.) A signature alone does not constitute a proper verification under Trial Rule 11(B). *See Kemp v. Family and Soc. Servs.,* 693 N.E.2d 641, 644 (Ind.Ct.App. 1998). As such, the Bakoses have not subjected themselves to the penalties for perjury and have, therefore, deprived this Court of jurisdiction over the particular case. *See, e.g., Huntington County,* 757 N.E.2d at 240 (stating that the failure to include a verification statement is fatal to the sufficiency of a petition); *Med. Licensing Bd. v. Provisor,* 678 N.E.2d 814, 817 (Ind.Ct.App.1997) (stating that failure to follow the requirements of Indiana Code § 4–21.5–5–7 is a jurisdictional defect which deprives the court of jurisdiction over a petition).

## CONCLUSION

Given that the Court's jurisdiction was not invoked within the prescribed time period, this case must be DISMISSED.[5]

---

**4.** "To 'verify' a legal document or petition is '[t]o confirm or substantiate by oath or affidavit; to swear to the truth of.' " *Huntington County Cmty. Sch. Corp. v. Indiana State Bd. of Tax Comm'rs,* 757 N.E.2d 235, 240 (Ind. Tax Ct.2001) (quoting BLACK'S LAW DICTIONARY 1556 (7th ed.1999)).

**5.** The Court expresses its concern with the growing number of cases that have been dismissed due to procedural technicalities. Indeed, it has become extremely difficult for a pro se litigant in property tax appeals to have its case heard and/or decided on the merits by the Tax Court. Quite frankly, some attorneys even have difficulty meeting the various procedural requirements. While the Court understands that procedural requirements are intended to facilitate justice, it seems that more often than not they are being used as a

bar to justice. As a result, the Court questions the necessity of some of these requirements. That discussion, nonetheless, is one for the legislature, as this Court's obligation is to apply the law and rules as they are written.